# Exhibit 16

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

Kate Walling
To Call Writer Directly:
+1 312 862 3727
kate.walling@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

August 24, 2022

***VIA ELECTRONIC MAIL***

Re:     *Epps v. Dart, et al.*, No. 22-cv-02393

Dear Counsel:

I write regarding ongoing discovery in the above captioned matter. As you are aware, Plaintiff recently moved to compel regarding several key discovery disputes that the parties were unable to resolve. I write to address additional outstanding discovery issues on which we have not yet conferred. While Plaintiff remains open to addressing these issues without the Court's intervention, because the deadline for substantial completion of written discovery is in less than three months, Defendants must respond promptly and completely, or motion practice will again be necessary. Please provide a fulsome response to this letter or schedule a meet-and-confer by August 31, and provide the outstanding documents by September 14.

*First*, you have represented you were in the process of locating and would produce the below categories of documents. Please confirm you will produce any remaining materials by September 14 or that all responsive documents have been produced.

- By email on November 29, 2021, your predecessor counsel represented that Defendants would obtain Mr. Epps' medical records from Cermak and/or Stroger Hospital. Mr. Epps provided a signed HIPAA release on January 11, 2022 to facilitate this.

- At our March 15, 2022 meet and confer, you agreed to follow up on "work orders" and "sanitation logs" from Division 4 from March 1, 2020 to November 30, 2020 to ensure all such documents have been produced.

- By email on March 29, 2022, you represented you were searching for additional pest control records.

- By email on April 27, 2022, you represented you were searching for power washing records and had requested the Division Sanitation Plan.

Austin   Bay Area   Beijing   Boston   Brussels   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Paris   Salt Lake City   Shanghai   Washington, D.C.

# KIRKLAND & ELLIS LLP

August 24, 2022
Page 2

*Second*, the verification of Defendant Dart's responses to the interrogatories directed to him in his individual capacity, while inadequate as explained in the motion to compel, states that it is "based on records of requests submitted by Divisions or CCDOC staff to the Department of Facilities Management and review of CCDOC records maintained by CCDOC in the regular course of business concerning detainee complaints, division and tier maintenance, Division/tier sanitation." Please produce all documents referenced or used in answering Plaintiff's interrogatories, as requested in Plaintiff's Request for Production No. 23.

*Third*, Defendant Dart's response to Interrogatory 1 directed to his individual capacity repeatedly states "[inserts bates ranges here]" and no Bates ranges are provided. Please supplement Defendant Dart's response with the Bates ranges.

*Fourth*, in response to Request for Production No. 27, Defendants deny that Division 4 was scheduled for demolition and "demand[] from Plaintiff prompt production of any evidence" that it was. That evidence was provided with Request for Production No. 27, which cited Cook County's 2022 Executive Budget Recommendation at pg. 179: "The design work for the next major footprint reduction on the DOC campus, Division IV, will occur in FY 2022, with demolition projected to begin in late FY 2022 and completion in FY 2023."[1] Confirm that you will produce the requested documents by September 14.

*Fifth*, Defendants repeatedly object to discovery requests as seeking "'class' discovery." *See* Defendant Dart's Responses to Individual Interrogatories No. 2 and 3; Defs.' Resp. to RFPs No. 25–26, 29–30, 32. That objection misunderstands the discovery requests and Plaintiff's allegations. The requests seek discovery on the conditions in Division 4 and Defendant Dart's awareness of conditions in and actions regarding Division 4, all topics well within the scope of discovery for Plaintiff's individual case. The fact that those conditions necessarily impacted other detainees in addition to Mr. Epps is hardly a basis to refuse discovery. Indeed, Mr. Epps is entitled to seek all discovery that can corroborate his claims. Please confirm Defendants are not withholding any documents on this basis, or any other basis not addressed in the motion to compel, or immediately produce any documents that have been withheld.

*Sixth,* and similarly, Defendants object on statute of limitations grounds to Interrogatory No. 1 directed to Defendant Dart in his individual capacity, and to Requests for Production Nos. 29–30 and 32. There is no basis to object on statute of limitations grounds to Interrogatory No. 1, which requests information extending to November 1, 2019—well within the applicable statute of limitations. Moreover, "where the information is otherwise relevant, the statute of limitations is not a basis for barring discovery." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 358 n.5

---

[1] https://www.cookcountyil.gov/sites/g/files/ywwepo161/files/documents/2021-10/Volume%20I%20-%20Budget%20Overview%20FY22%20Executive%20Budget%20Recommendation.pdf

# KIRKLAND & ELLIS LLP

August 24, 2022
Page 3

(N.D. Ill. 2005). As Plaintiff and Judge Rowland have already explained, the conditions in Division 4 at its closing and the reasons for its closing are relevant here. *See, e.g.*, Compl. ¶¶ 15–19; 3/24/22 Hrg. Tr. 9:15–10:15. Please confirm Defendants are not withholding any documents on this basis, or any other basis not addressed in the motion to compel, or immediately produce any documents that have been withheld.

      We await your response on or before August 31.

                Sincerely,

                Kate Walling