# Exhibit 17

| | |
|---|---|
| From: | Troy Radunsky |
| To: | Walling, Kate |
| Cc: | Zott, David J.; Stackhouse, Chris; Kimmer, Sarah; Lis, Thomas; Jason DeVore |
| Subject: | RE: Epps v. Dart, No. 22-cv-02393, 9/12/22 Meet and confer |
| Date: | Wednesday, October 5, 2022 6:46:09 PM |
| Attachments: | image001.png |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Kate,

See our comments in red font below.

Let us know if you have any questions.

Thanks,

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:** 312-300-4484 | **C:** 312-968-7837
tradunsky@devoreradunsky.com
www.devoreradunsky.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Thursday, September 15, 2022 11:48 AM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Zott, David J. <dzott@kirkland.com>; Stackhouse, Chris <chris.stackhouse@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>; Lis, Thomas <thomas.lis@kirkland.com>
**Subject:** Epps v. Dart, No. 22-cv-02393, 9/12/22 Meet and confer

Troy and Jason,

I write to memorialize the parties' areas of agreement and disagreement in our Sept. 12 meet and confer by video call, at which we discussed Plaintiff's letter sent August 24, 2022.

*Medical records.* You represented you were in contact with Cermak to obtain Mr. Epps' medical records and expected production within 14 days.

### Cermak records were produced several weeks ago.

*Work orders.* As discussed on the call, only three work orders have been produced, and only two of those are regarding Division IV. You acknowledged that other records, including DFM Subpoena 000002 - 000057 and CCSAO Epp 002492 - 002493, reflect that additional work orders regarding Division IV were generated. You are not sure whether your client still possesses those work orders, and you have not seen them, but nonetheless represented that they were not responsive and you did not intend to produce additional work orders. You stated, and we agreed, that we are at an impasse on this issue.

### We might be at an impasse for the reasons we've previously articulated.

*Sanitation logs.* As we explained on the call, the sanitation logs for the following tiers and dates have not been produced: Tier N1 for Oct. 7, 9, 14, and 15; Tier M2 for Oct. 28 and Nov. 1-5. You represented that you would continue to seek these documents from your clients.

Tier N1 :
- 10/9 is at bates 628
- 10/14 is at bates 1918.
- October 7 & 15: No records have been located.

Tier M2
- Oct. 28 & Nov. 1-5: No records have been located.

*Pest control records.* As we explained on the call, the following pest control records have not been produced: the bimonthly inspection reports for Division 4 for June; the first of the bimonthly inspection reports for Division 4 for November; the Daily Pest Notification Log for Tier Q2 in June 2020, and all pest control records regarding the kitchen. You represented that you would continue to seek these documents from your clients.

Regarding the "first of the bimonthly inspection reports for Div. 4 for November" we could not locate anything other than those previously produced at Bates 2511, and 2525-2529.
Regarding Sanitation logs were produced for June 2020, we continue to look for any June 2020 pest control inspection reports/Service Charges (*similar to the ones produced for other months).
Regarding kitchen pest control records, there are none other than those previously

produced at Bates 2513-2516, 2523-2529. If you have a specific date and time those alleged pests in the kitchen existed, it might help too. The plaintiff did not file a grievance over the kitchen pest issue that we found so that we could narrow the scope ourselves.

*Power washing records and the Division Sanitation Plan.* You represented that you were seeking these documents from your clients.

We are still seeking these records and will follow up again with our client.

*Documents forming the basis of Defendant Dart's individual interrogatory responses.* You represented you had produced the documents referred to as the basis for the interrogatory responses.

Correct. We also said if we locate and additional documents, we reserve the right to seasonably supplement.

*Bates ranges in Defendant Dart's Response to Individual Interrogatory No. 1.* You stated that the omitted Bates ranges were CCSAO Epps 000029 - 000030, CCSAO Epps 000049 - 000053, and CCSAO Epps 000057 - 000114.

Correct. We also said if we locate and additional documents, we reserve the right to seasonably supplement.

*Demolition of Division IV.* Although we have repeatedly identified public records showing that Division IV is scheduled for demolition, on our call you continued to deny this fact without stating a basis for your belief. Once again, in the most recent Cook County Executive Budget Recommendation (https://www.cookcountyil.gov/sites/g/files/ywwepo161/files/documents/2021-12/Volume%20I%20Pres%20Rec%20Updated_0.pdf) and in the resulting Budget (https://www.cookcountyil.gov/sites/g/files/ywwepo161/files/documents/2022-01/Volume%20I%20-%20Budget%20Overview%20FY22%20Annual%20Appropriation.pdf), funding was included for "the design work for the demolition of Division IV" (pg. 163 in the Budget Recommendation, pg. 162 in the Budget). "The design work for the next major footprint reduction on the DOC campus, Division IV, will occur in FY2022, with demolition projected to begin in late FY2022 and completion in FY2023" (pg. 179 in the Budget Recommendation, pg. 177 in the Budget). $7.05m was budgeted towards the demolition (pg. 199 in the Budget Recommendation, pg. 196 in the Budget). We understand we are at an impasse on this issue.

Agree. We are probably at an impasse for the reasons we have previously discussed.

*Class discovery and statute of limitations.* You represented that you are not withholding documents on the grounds that they are "'class' discovery" or "outside the scope of any operative statute of limitations."

None known.

While we appreciate your further efforts to collect the medical records, sanitation logs, pest control records, power washing records, and Division Sanitation Plan, given the upcoming document discovery deadline, we must have a date certain for production of those documents. Please provide the outstanding documents by September 28.

Sincerely,

**Kate Walling**

------------------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 3727  M +1 312 825 2771
F +1 312 862 2200

------------------------------------------------------

kate.walling@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.