# Exhibit 18

| | |
|---|---|
| **From:** | Troy Radunsky |
| **To:** | Stackhouse, Chris; Walling, Kate |
| **Cc:** | Zott, David J.; Kimmer, Sarah; Lis, Thomas; Jason DeVore |
| **Subject:** | RE: Epps v. Dart, No. 22-cv-02393, 9/12/22 Meet and confer |
| **Date:** | Friday, October 7, 2022 11:26:14 AM |
| **Attachments:** | image001.png |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Chris,

See our responses below in red font.

Im helping my wife today prepare for my mother in laws funeral tomorrow, so I am unavailable to return Kate's voice mail today. I'll call her next week.

Thanks,

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Stackhouse, Chris <chris.stackhouse@kirkland.com>
**Sent:** Friday, October 7, 2022 9:29 AM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Walling, Kate <kate.walling@kirkland.com>
**Cc:** Zott, David J. <dzott@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>; Lis, Thomas <thomas.lis@kirkland.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Subject:** RE: Epps v. Dart, No. 22-cv-02393, 9/12/22 Meet and confer

Troy,

Thank you for your response. A few points:

1. **First**, Bates 628 is a sanitation log for September 9, 2020, not October 9, 2020, as you suggest below. Please produce the sanitation log for Tier N1 for October 9, 2020, as well as the other missing sanitation logs.

I think 10/9 N1 is bates 629. Its not totally clear its N1, but I will confirm b/c it looks like P1. If its not N1, then it would fall into the Second issue below.

As an aside, you also said there was no record for 10/14 and its been proven there was. Its not the first time you've made those types of accusations and forced us to waste our time searching for things we've previously produced. We hope that can be avoided in the future because its not productive.

2. **Second**, with respect to the sanitation reports for Tier N1 on 10/7/20 and 10/15/20 and Tier M2 on 10/28/20 and 11/1/20-11/5/20, is your investigation ongoing to locate those records? Or are you representing that Defendants do not have such records in their possession, custody or control? If it is the latter, please explain what steps you have taken to locate them and the reason they are not in Defendants' possession, custody, or control.

We cannot locate these records despite our clients diligent search. We will continue to investigate and if we locate any of them we will produce them. We cannot say records were generated or not on those dates. We don't know. Its fair to assume that since we produced over 2000 pages of similar responsive records, we feel confident our client more than did their due diligence again looking for these records.

3. **Third**, the pest control records you cite below do not include the report for the first of the November 2020 bimonthly inspections nor kitchen pest control records. Please produce such records.

We responded to this issue in our earlier email and have nothing more to add. We may be at an impasse if you're not satisfied.

4. **Fourth**, with respect to the kitchen pest control records, specifically, the relevant time period is set forth in Plaintiff's Request for Production: April 1, 2020 to December 31, 2020. Defendants must produce all such records within that time period. Please produce such documents.

We have nothing more to add beyond our initial response. We may be at an impasse if you're not satisfied.

Finally, we have not yet received a response to our 9/20 letter (re-attached here for convenience), which we have inquired about twice previously. The Court set a deadline of Oct. 7 for the parties to reach agreement, as well as for the Defendants to make the additional productions required by his decisions of Sept. 19, so please let us know your response to that letter.

Jason responded to you today regarding your letter.

Thanks,
Chris

**Christopher Stackhouse**
---------------------------------------------------------
**KIRKLAND & ELLIS LLP**
60 E S Temple St, Salt Lake City, UT 84111
**T** +1 801 877 8199  **M** +1 312 286 6460
**F** +1 312 862 2200
---------------------------------------------------------
chris.stackhouse@kirkland.com

**From:** Troy Radunsky <tradunsky@devoreradunsky.com>
**Sent:** Wednesday, October 5, 2022 5:46 PM
**To:** Walling, Kate <kate.walling@kirkland.com>
**Cc:** Zott, David J. <dzott@kirkland.com>; Stackhouse, Chris <chris.stackhouse@kirkland.com>;
Kimmer, Sarah <sarah.kimmer@kirkland.com>; Lis, Thomas <thomas.lis@kirkland.com>; Jason
DeVore <jdevore@devoreradunsky.com>
**Subject:** RE: Epps v. Dart, No. 22-cv-02393, 9/12/22 Meet and confer

Kate,

See our comments in red font below.

Let us know if you have any questions.

Thanks,

*Troy S. Radunsky*
**DeVore Radunsky LLC**
230 W. Monroe, Suite 230
Chicago, Illinois 60606
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*



This message may contain information that is attorney-client privileged, attorney work
product or otherwise confidential. If you are not an intended recipient, use and disclosure of
this message are prohibited. If you received this transmission in error, please notify the
sender by reply e-mail and delete the message and any attachments.

**From:** Walling, Kate <kate.walling@kirkland.com>
**Sent:** Thursday, September 15, 2022 11:48 AM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Zott, David J. <dzott@kirkland.com>; Stackhouse, Chris <chris.stackhouse@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>; Lis, Thomas <thomas.lis@kirkland.com>
**Subject:** Epps v. Dart, No. 22-cv-02393, 9/12/22 Meet and confer

Troy and Jason,

I write to memorialize the parties' areas of agreement and disagreement in our Sept. 12 meet and confer by video call, at which we discussed Plaintiff's letter sent August 24, 2022.

*Medical records.* You represented you were in contact with Cermak to obtain Mr. Epps' medical records and expected production within 14 days.

Cermak records were produced several weeks ago.

*Work orders.* As discussed on the call, only three work orders have been produced, and only two of those are regarding Division IV. You acknowledged that other records, including DFM Subpoena 000002 - 000057 and CCSAO Epp 002492 - 002493, reflect that additional work orders regarding Division IV were generated. You are not sure whether your client still possesses those work orders, and you have not seen them, but nonetheless represented that they were not responsive and you did not intend to produce additional work orders. You stated, and we agreed, that we are at an impasse on this issue.

We might be at an impasse for the reasons we've previously articulated.

*Sanitation logs.* As we explained on the call, the sanitation logs for the following tiers and dates have not been produced: Tier N1 for Oct. 7, 9, 14, and 15; Tier M2 for Oct. 28 and Nov. 1-5. You represented that you would continue to seek these documents from your clients.

Tier N1 :
- 10/9 is at bates 628
- 10/14 is at bates 1918.
- October 7 & 15: No records have been located.

Tier M2
- Oct. 28 & Nov. 1-5: No records have been located.

*Pest control records.* As we explained on the call, the following pest control records have not been

produced: the bimonthly inspection reports for Division 4 for June; the first of the bimonthly inspection reports for Division 4 for November; the Daily Pest Notification Log for Tier Q2 in June 2020, and all pest control records regarding the kitchen. You represented that you would continue to seek these documents from your clients.

Regarding the "first of the bimonthly inspection reports for Div. 4 for November" we could not locate anything other than those previously produced at Bates 2511, and 2525-2529.
Regarding Sanitation logs were produced for June 2020, we continue to look for any June 2020 pest control inspection reports/Service Charges (*similar to the ones produced for other months).
Regarding kitchen pest control records, there are none other than those previously produced at Bates 2513-2516, 2523-2529. If you have a specific date and time those alleged pests in the kitchen existed, it might help too. The plaintiff did not file a grievance over the kitchen pest issue that we found so that we could narrow the scope ourselves.

*Power washing records and the Division Sanitation Plan.* You represented that you were seeking these documents from your clients.

We are still seeking these records and will follow up again with our client.

*Documents forming the basis of Defendant Dart's individual interrogatory responses.* You represented you had produced the documents referred to as the basis for the interrogatory responses.

Correct. We also said if we locate and additional documents, we reserve the right to seasonably supplement.

*Bates ranges in Defendant Dart's Response to Individual Interrogatory No. 1.* You stated that the omitted Bates ranges were CCSAO Epps 000029 - 000030, CCSAO Epps 000049 - 000053, and CCSAO Epps 000057 - 000114.

Correct. We also said if we locate and additional documents, we reserve the right to seasonably supplement.

*Demolition of Division IV.* Although we have repeatedly identified public records showing that Division IV is scheduled for demolition, on our call you continued to deny this fact without stating a basis for your belief. Once again, in the most recent Cook County Executive Budget Recommendation (https://www.cookcountyil.gov/sites/g/files/ywwepo161/files/documents/2021-12/Volume%20I%20Pres%20Rec%20Updated_0.pdf) and in the resulting Budget (https://www.cookcountyil.gov/sites/g/files/ywwepo161/files/documents/2022-01/Volume%20I%20-%20Budget%20Overview%20FY22%20Annual%20Appropriation.pdf), funding was included for "the design work for the demolition of Division IV" (pg. 163 in the Budget Recommendation, pg. 162 in the Budget). "The design work for the next major footprint reduction on the DOC campus, Division IV, will occur in FY2022, with demolition projected to begin in late

FY2022 and completion in FY2023" (pg. 179 in the Budget Recommendation, pg. 177 in the Budget). $7.05m was budgeted towards the demolition (pg. 199 in the Budget Recommendation, pg. 196 in the Budget). We understand we are at an impasse on this issue.

Agree. We are probably at an impasse for the reasons we have previously discussed.

*Class discovery and statute of limitations.* You represented that you are not withholding documents on the grounds that they are "'class' discovery" or "outside the scope of any operative statute of limitations."

None known.

While we appreciate your further efforts to collect the medical records, sanitation logs, pest control records, power washing records, and Division Sanitation Plan, given the upcoming document discovery deadline, we must have a date certain for production of those documents. Please provide the outstanding documents by September 28.

Sincerely,

**Kate Walling**

-------------------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3727 **M** +1 312 825 2771
**F** +1 312 862 2200

-------------------------------------------------------

kate.walling@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.