# Exhibit 19

| | |
|---|---|
| From: | Kimberly Musick |
| To: | Kimmer, Sarah |
| Cc: | Zott, David J.; Walling, Kate; Stackhouse, Chris; Lis, Thomas; Jason DeVore; Troy Radunsky |
| Subject: | Epps v. Dart et al, 1:20-cv-05742: Discovery Follow-Up |
| Date: | Wednesday, April 27, 2022 2:25:44 PM |
| Attachments: | CCSAO Epps 002524 (Electronic Tier Logs DIV4, Tier Q-2 (6.16.20-6.17.20))(370132.1).xlsx |
| | CCSAO Epps 002533 (Electronic Tier Logs DIV4, Tier N-1 (8.4.20-10.15.20))(370134.1).xlsx |
| | CCSAO Epps 002532 (Electronic Tier Logs DIV4, Tier M-2 (10.21.20-11.5.20))(370133.1).xlsx |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Sarah,

In response to your April 20, 2022, email and in furtherance of our 2.5 hour meet-and-confer regarding the ongoing discussions of written discovery in this matter, we have been diligently working with our client to perform a thorough and good faith investigation into the requests you have made and hope that our responses make any further dispute or motion practice unnecessary. Specifically, please see our responses to your April 20, 2022 email below:

1. Defendants' efforts to identify documents relevant to the decisions to close Division 4 in 2018, then reopen Division 4 in 2020, and then reclose the division sometime after November 2020, as well as any documentation of the conditions in Division 4 at the time of the 2018 closure, the 2020 reopening, and the post-November 2020 reclosing.

    <u>Response:</u>
    a. With respect to the decisions to close Division 4 in 2018, our investigation has revealed that the only documents responsive to this request are email correspondence from Lt. Johnson and Lt. Hernandez. We have requested these emails from our client and expect to receive them within 7-14 days.

    There are no studies, evaluations, or reports relating to or reflecting the closure of Division 4 in 2018. Because the building was not condemned, no such document exists regarding its closure.

    b. Similarly, our search into any documentation relating to the decision to reopen Division 4 in 2020 uncovered email correspondence from Lts. Johnson and Hernandez. We have requested these emails from our client and expect to receive them within 7-14 days.

    As with the decision to close in 2018, there are no studies, evaluations, or reports relating to or reflecting the reopening of Division 4 in 2020.

    c. With respect to your request for documentation relating to the decision to reclose the division sometime after November 2020, this Response is irrelevant as the plaintiff was not housed in Division 4 after November 5, 2020. However, this topic will be addressed in our Responses to Plaintiff's Second Requests for Production, which we are preparing and will be forthcoming.

    d. Conditions in Division 4 at the time of the 2018 closure are beyond the scope of this case. Plaintiff was not an inmate in Division 4 in 2018 and the allegations of Plaintiff's Complaint concern the condition of Division 4 when he resided in it in 2020. Further, Plaintiff has not narrowed the Division to any Tier. It is therefore irrelevant and overly burdensome for Defendant to respond to this request.

    e. With respect to the conditions of Division 4 at the 2020 reopening, please see the attached electronic tier logs for the dates and times that Plaintiff was housed in Division 4:

        June 16-17, Division 4 Tier Q2
        August 4-October 15, Division 4 Tier N1
        October 21-November 5, Division 4 Tier M2

    Additionally, Please see our previously produced Pest Control Records Aug-Dec 2020; 2020 Sanitation Logs; and tier logs from the time periods Plaintiff was housed in Division 4.

    We are investigating whether there are any power washing records from the relevant time period.

    We have requested and await the response from Facilities Management following the Subpoena you issued them, as well as the Division Sanitation Plan.

    f. With respect to the condition of Division 4 at the post-November 2020 reclosing, see the 2020 Sanitation Logs that were previously produced.

2. Defendants' efforts to identify the custodians described in Appendix B to Mr. Epps' letter dated March 23, 2022.

**Response:**
At this point, we have exhausted the knowledge of the current employees of the Cook County Sheriff's Office as to the reasoning or the thoughts behind the closing or the reopening of Division Four. The employee who took on that project is no longer

employed by Cook County Sheriff's Office. We will be producing all emails relating to the closure and reopening of Division 4. There are no reports, checklists, or testing relating to the decision to close and reopen Division 4. We are aware of no other documentation.

3. Confirm that Defendants will utilize at least the search terms in Appendix A to Mr. Epps' letter dated March 23, 2022 or provide proposed revisions.

   **Response:**
   Yes, we have utilized the search terms from Appendix A and, in response, uncovered the communications relating to the closure of Division 4 in 2018 and it's reopening in 2020. We expect to receive the responsive emails within the next 7-14 days.

4. Describe the status of the review of the named Defendants' custodial files, including emails.

   **Response:**
   As stated above, we have requested the responsive emails from Lts. Johnson and Hernandez and expect to receive them in the next 7-14 days.

With the production of the items listed above, and our good faith investigation into the issues and items addressed above, any remaining discovery disputes should be resolved, allowing us to move forward with this matter. Further, we are in receipt of your Second Requests to Produce and are diligently working on responding on those Requests.

Should you have any remaining questions or concerns, please contact us directly so that we can work out these matters without further court interference or motion practice.

Thank you,

Kim


Kimberly D. Musick
**DeVore Radunsky LLC**
27 N. Wacker, Suite 431
Chicago, Illinois 60606
**Direct:** 312-300-4486
**Cell:** 847-951-4609
kmusick@devoreradunsky.com
www.devoreradunsky.com



**From:** Kimmer, Sarah <sarah.kimmer@kirkland.com>
**Sent:** Wednesday, April 20, 2022 1:39 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>
**Cc:** Zott, David J. <dzott@kirkland.com>; Walling, Kate <kate.walling@kirkland.com>; Stackhouse, Chris <chris.stackhouse@kirkland.com>; Lis, Thomas <thomas.lis@kirkland.com>
**Subject:** Epps v. Dart et al, 1:20-cv-05742: Discovery Follow-Up

Jason, Troy-

As described in our prior correspondence and April 15 Joint Status Report, we believe the parties have reached an impasse on a number of issues. Prior to initiating any motion practice, however, we wanted to check in with Defendants on certain outstanding issues. On or before April 27, 2022, please provide an update on the following items for which we understand your investigation or work is ongoing:

1. Defendants' efforts to identify documents relevant to the decisions to close Division 4 in 2018, then reopen Division 4 in 2020, and then reclose the division some after November 2020, as well as any documentation of the conditions in Division 4 at the time of the 2018 closure, the 2020 reopening, and the post-November 2020 reclosing.
2. Defendants' efforts to identify the custodians described in Appendix B to Mr. Epps' letter dated March 23, 2022.
3. Confirm that Defendants will utilize at least the search terms in Appendix A to Mr. Epps' letter dated March 23, 2022 or provide proposed revisions.
4. Describe the status of the review of the named Defendants' custodial files, including emails.

Thank you in advance for the update.

Best,
Sarah

**Sarah Kimmer**
-------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 4206 **M** +1 312 952 2414
**F** +1 312 862 2200
-------------------------------------
sarah.kimmer@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.