# Exhibit 25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Chase Epps,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 22 cv 2393 (prior 20 C 5742)** |
| | ) | |
| v. | ) | |
| | ) | **Judge Mary M. Rowland** |
| **Thomas Dart, Sheriff of Cook County, in his** | ) | |
| **Official and individual capacities, and executive** | ) | |
| **Director, Amanda Gallegos, Superintendent** | ) | |
| **Hernandez, Lieutenant Johnson, Shift commander** | ) | |
| **Hudson, and correctional officer Spurlock, in their** | ) | |
| **Individual capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' RESPONSES TO PLAINTIFF CHASE EPPS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, Cook County Sheriff Thomas J. Dart in his official capacity, Amanda Gallegos, Lieutenant Johnson, Lieutenant Hernandez, Officer Hudson, and Officer Spurlock (collectively "Defendants") by their attorneys, DeVore Radunsky LLC, and responds to Plaintiff's First Request for Production of Documents as follows:

### RESPONSES

25. All documents and communications, including emails, relating to the closure of Division 4 after November 30, 2020.

**RESPONSE: Objection. Not relevant or related to the claims or defenses of any party, nor proportionate to the needs of the case. Defendant further objects to this document request as overly broad and unduly burdensome, noting that Plaintiff has not identified a custodian for search of email. Defendants further object to the extent that Plaintiff was not housed in division 4 during the time frame of the requested communication. Division 4 was closed in July 2021, and plaintiff was housed in Division 4: June 16-17, 2020; August 4-October 15, 2020; and October 21-November 5, 2020. Further, the plaintiff's complaint contains no allegation related to issues in Division 4 after November 30, 2020. Defendants also object to**

1

the extent that Plaintiffs attempt to seek "class" discovery, and the operative complaint contains no class action allegations. Subject to and notwithstanding these objections, Defendant Dart has already produced work orders related to Plaintiff's grievances, sanitation logs and records, and tier logs, for the periods of time during which Plaintiff was housed on Division 4 in 2020. Plaintiff therefore has records sufficient to substantiate or disprove Plaintiff's claims concerning the habitability of Division 4 during the weeks during which Plaintiff was housed there.

26. All documents and communications, including emails, relating to the condition of Division 4 at the time of its post-November 2020 closure.

**RESPONSE:** Objection. Not relevant or related to the claims or defenses of any party, nor proportionate to the needs of the case. Defendant further objects to this document request as overly broad and unduly burdensome, noting that Plaintiff has not identified a custodian for search of email. Defendants further object to the extent that Plaintiff was not housed in division 4 during the time frame of the requested communication. Division 4 was closed in July 2021, and plaintiff was housed in Division 4: June 16-17, 2020; August 4-October 15, 2020; and October 21-November 5, 2020. Further, the plaintiff's complaint contains no allegation related to issues in Division 4 after November 30, 2020. Defendants also object to the extent that Plaintiffs attempt to seek "class" discovery, and the operative complaint contains no class action allegations. Subject to and notwithstanding these objections, Defendant Dart has already produced work orders related to Plaintiff's grievances, sanitation logs and records, and tier logs, covering the periods of time during which Plaintiff was housed on Division 4. For example, April-November 2020 Sanitation Logs were produced (Bates 115-2274). Plaintiff therefore has records sufficient to substantiate Plaintiff's claims concerning the habitability of Division 4 during the weeks during which Plaintiff was housed there.

27. All documents and communications, including emails, relating to the scheduled demolition of Division 4 in or around "late FY 2022.

**RESPONSE:** Relevance, scope, and disproportionate to the needs of the case as the plaintiff was not housed in Division 4 after November 5, 2020. Further, paragraph 8 of the plaintiff's Complaint alleges "From October 15, 2019, to October 15, 2020, the period in which Mr. Epps was deprived of his constitutional rights, he was a pretrial detainee at the cook County Jail…"Subject to and notwithstanding these objections, Defendant Sheriff Dart has no responsive documents, as there was never a scheduled demotion of Division 4, and Defendant demands from Plaintiff prompt production of any evidence Plaintiff purports to possess suggesting anything to the contrary.

2

28. All documents and communications, including emails, with Cermak Health Services or other third parties relating to medical treatment provided to detainees housed in Division 4 for injuries or medical conditions related to the allegations in the Complaint.

**RESPONSE: Objection. Scope. Subject to and without waiving said objection, there are no responsive documents. Neither the Cook County Sheriff's Office nor any Cook County Sheriff's employee provides medical care to detainees in the Cook County Jail. Medical care to detainees in the Cook County Jail is provided by Cermak Health of Cook County Health and Hospitals System. Answering further, the Sheriff does not, by County Ordinance, control Cermak or its employees or the medical care they administer, is not provided budgetary support or resources by Cook County to provide medical care to detainees, and does not have general access to or maintain detainee medical records. Due to state and federal health privacy law concerns, Defendant Sheriff does not discuss detainee medical care and treatment with providers at Cermak Health Services or with providers at other medical clinics or hospitals.**

29. All documents and communications, including emails, with the Cook County Department of Facilities Management relating to Division 4 from May 2016 to present.

**RESPONSE: Objection. Not relevant or related to the claims or defenses of any party, nor proportionate to the needs of the case. Defendant further objects to this document request as overly broad and unduly burdensome, noting that Plaintiff has not identified a custodian for search of emails. Defendants further object to the extent that Plaintiff was not housed in division 4 during the time frame of the requested communication. Division 4 was closed in July 2021, and plaintiff was housed in Division 4: June 16-17, 2020; August 4-October 15, 2020; and October 21-November 5, 2020. Further, the Plaintiff's operative complaint contains no allegations related to Plaintiff's observations of Division 4 before June 2020 or after November 30, 2020. Defendants also object to the extent that Plaintiffs attempt to seek "class" discovery, as the operative complaint contains no class action allegations. Defendants also object to the extent that Plaintiffs attempt to seek documents outside the scope of any operative statute of limitations that might apply to Plaintiff's claims. Subject to and notwithstanding these objections, Defendant Dart has already produced work orders related to Plaintiff's grievances, sanitation logs and records, and tier logs, for the periods of time during which Plaintiff was housed on Division 4. Plaintiff therefore has records sufficient to substantiate or disprove Plaintiff's claims concerning the habitability of Division 4 during the weeks during which Plaintiff was housed there in 2020. Defendant has also conducted an electronic ESI search the employee email accounts of Defendants Gallegos, Hernandez,**

**Johnson, Hudson, and SPURLOCK for any mention of the terms "mold" OR "pests" OR "sewage" OR "red water" OR "potable water" OR "flooding" between June 1, 2020 to November 30, 2020. Any responsive emails have been produced. See Bates 2535-4581**

30. All documents and communications, including emails, with the Cook County Department of Capital Planning & Policy relating to Division 4 from May 2016 to present.

**RESPONSE: Objection. Not relevant or related to the claims or defenses of any party, nor proportionate to the needs of the case. Defendant further objects to this document request as overly broad and unduly burdensome, noting that Plaintiff has not identified a custodian for search of emails. Defendants further object to the extent that Plaintiff was not housed in division 4 during the time frame of the requested communication. Division 4 was closed in July 2021, and plaintiff was housed in Division 4: June 16-17, 2020; August 4-October 15, 2020; and October 21-November 5, 2020. Further, the Plaintiff's operative complaint contains no allegations related to Plaintiff's observations of Division 4 before June 2020 or after November 30, 2020. Defendants also object to the extent that Plaintiffs attempt to seek "class" discovery, as the operative complaint contains no class action allegations. Defendants also object to the extent that Plaintiffs attempt to seek documents outside the scope of any operative statute of limitations that might apply to Plaintiff's claims. Subject to and notwithstanding these objections, Defendant Dart has already produced work orders related to Plaintiff's grievances, sanitation logs and records, and tier logs, for the periods of time during which Plaintiff was housed on Division 4. Plaintiff therefore has records sufficient to substantiate or disprove Plaintiff's claims concerning the habitability of Division 4 during the weeks during which Plaintiff was housed there in 2020. Defendant has also conducted an electronic ESI search the employee email accounts of Defendants Gallegos, Hernandez, Johnson, Hudson, and SPURLOCK for any mention of the terms "mold" OR "pests" OR "sewage" OR "red water" OR "potable water" OR "flooding" between June 1, 2020 to November 30, 2020. Any responsive emails have been produced. See Bates 2535-4581. Further answering, County Budgets are accessible and available to the public on the Cook County website.**

31. All documents and communications, including emails, relating to food service in Division 4 from April 1, 2020 to November 30, 2020.

**RESPONSE: Objection. Defendant objects to this document request as vague, overly broad and unduly burdensome, seeking "all documents" and "communications," noting that Plaintiff has not identified a custodian for search of emails. Further, the Plaintiff's operative complaint contains no allegations related to the commissary food service of Division 4 during the time in which Plaintiff was housed there.**

4

**Subject to and notwithstanding these objections, food related policies previously provided at Bates 2281-2302..**

32. All documents and communications, including emails, relating to all Executive Committee discussions of Division 4 from May 2016 to present, including, but not limited to meeting minutes, calendar invitations, agendas, email discussions, slide decks and reports.**:**

**RESPONSE:**

**Objection. Not relevant or related to the claims or defenses of any party, nor proportionate to the needs of the case. Defendant further objects to this document request as vague, overly broad and unduly burdensome to the extent is not limited to the issues identified in the operative complaint – chiefly complaints concerning "inhuman and objectively unreasonable conditions of confinement, with stinking water running down the walls of his cell, sewage overflowing sinks and toilets, and pervasive mold." Defendant further objects to this document request as overly broad and unduly burdensome, noting that Plaintiff has not identified a custodian for search of emails. Defendants further object to the extent that Plaintiff was not housed in division 4 during the time frame of the requested communication. Division 4 was closed in July 2021, and plaintiff was housed in Division 4: June 16-17, 2020; August 4-October 15, 2020; and October 21-November 5, 2020. Further, the Plaintiff's operative complaint contains no allegations related to Plaintiff's observations of Division 4 before June 2020 or after November 30, 2020. Defendants also object to the extent that Plaintiffs attempt to seek "class" discovery, as the operative complaint contains no class action allegations. Defendants also object to the extent that Plaintiffs attempt to seek documents outside the scope of any operative statute of limitations that might apply to Plaintiff's claims. Subject to and notwithstanding these objections, Defendant Dart has already produced work orders related to Plaintiff's grievances, sanitation logs and records, and tier logs, for the periods of time during which Plaintiff was housed on Division 4. Plaintiff therefore has records sufficient to substantiate or disprove Plaintiff's claims concerning the habitability of Division 4 during the weeks during which Plaintiff was housed there in 2020. Defendant has also conducted an electronic ESI search the employee email accounts of Defendants Gallegos, Hernandez, Johnson, Hudson, and SPURLOCK for any mention of the terms "mold" OR "pests" OR "sewage" OR "red water" OR "potable water" OR "flooding" between June 1, 2020 to November 30, 2020. The email account for former Director Michael Miller was also searched. Any responsive emails have been produced. See Bates 2535-4581**

5

Respectfully Submitted,

/s/__*Troy S. Radunsky*_____
One of the Attorneys for Defendnats


Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
DeVore Radunsky LLC
27 N. Wacker Dr #431
Chicago, IL 60606
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  The undersigned, Troy S. Radunsky, states that on July 12, 2022, **Defendants Answers to Plaintiff's Second Request to Produce,** were served via electronic mail on the below-named counsel:

             /s/ *Troy S. Radunsky*
             One of the Attorneys for Defendnats

James F. Hurst, P.C.
David J. Zott, P.C.
Howard M. Kaplan
Kate T. Walling
Christopher T. Stackhouse
Sarah Kimmer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
United States
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200
*james.hurst@kirkland.com*
*dzott@kirkland.com*
*howard.kaplan@kirkland.com*
*Sarah.kimmer@kirkland.com*
*kate.walling@kirkland.com*
*chris.stackhouse@kirkland.com*