# Exhibit 27

| | |
|---|---|
| **From:** | Troy Radunsky |
| **To:** | Lis, Thomas; Jason DeVore |
| **Cc:** | Zott, David J.; Kimmer, Sarah; Walling, Kate; Stackhouse, Chris |
| **Subject:** | RE: Epps v. Dart, No. 1:22-cv-02393 // Request for Entry |
| **Date:** | Tuesday, September 20, 2022 11:06:55 AM |
| **Attachments:** | image001.png |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Good morning, Tom,

We are in receipt of the plaintiff's request to conduct a Rule 34(a)(2) inspection of Division 4 on October 20, 2022. The defendants object to Plaintiff's request for several reasons.

The plaintiffs request to inspect Division 4 is now two years after plaintiff filed his grievances in 2020. Division 4 has been closed since July 9, 2021. At this point, anything Plaintiff's 2 experts might gather during an inspection would be stale, and inadmissible to establish conditions in the summer of 2020. The plaintiff cannot use an inspection for mold, mildew, smell, etc to establish the conditions 2 years earlier since that would be far more prejudicial than probative.

Right now, Epps alleges:

- stinking water running down the walls of his cell, sewage overflowing sinks and toilets, and pervasive mold
- water from the faucets in Division 4 was a disgusting red and undrinkable
- mold and stink made it difficult for Mr. Epps to breathe
- drains and kitchens were infested with insects and rats

Plaintiff's allegations are not structural conditions which might be replicated. Therefore, any report or test Plaintiff's experts might conduct right now would not have any real probative value.

Please contact us if you have any questions.

Regards,

*Troy S. Radunsky*
**DeVore Radunsky LLC**
20 N. Clark Suite 525
Chicago, Illinois 60602
**O:** 312-300-4479 | **D:**312-300-4484 | **C:** 312-968-7837
*tradunsky@devoreradunsky.com*
*www.devoreradunsky.com*



RATED BY
Super Lawyers

**(\*Please note both mine and my partner, Jason DeVore's firm name and email addresses have changed to: *tradunsky@devoreradunsky.com* and *jdevore@devoreradunsky.com*. Please update your contact list accordingly\*)**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Lis, Thomas <thomas.lis@kirkland.com>
**Sent:** Tuesday, September 6, 2022 1:44 PM
**To:** Troy Radunsky <tradunsky@devoreradunsky.com>; Jason DeVore <jdevore@devoreradunsky.com>; Kimberly Musick <Kmusick@devoreradunsky.com>
**Cc:** Zott, David J. <dzott@kirkland.com>; Kimmer, Sarah <sarah.kimmer@kirkland.com>; Walling, Kate <kate.walling@kirkland.com>; Stackhouse, Chris <chris.stackhouse@kirkland.com>
**Subject:** Epps v. Dart, No. 1:22-cv-02393 // Request for Entry

Counsel,
Please see the attached request.

Best,
Tom

**Thomas Lis**

----------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 4475  **M** +1 773 664 9554
**F** +1 312 862 2200

----------------------------------------

thomas.lis@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.