# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Chase Epps | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-cv-05742 |
| Thomas Dart, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cook County Bureau of Asset Management, Department of Facilities Management, 69 W. Washington, Suite 3000, Chicago, IL 60602

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: As described in Schedule A.

| Place: Sarah M. Kimmer, Kirkland & Ellis LLP, 300 N LaSalle Dr., Chicago, IL 60654 or mutually agreeable place (including electronically) | Date and Time: 03/25/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/01/2022

*CLERK OF COURT*

OR

_____     /s/ Sarah M. Kimmer
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff__
Chase Epps_____, who issues or requests this subpoena, are:

Sarah Kimmer, Kirkland & Ellis LLP, 300 N LaSalle Dr Chicago, IL 60654; sarah.kimmer@kirkland.com; 312-862-2406

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-05742

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO COOK COUNTY

Pursuant to the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action*, You are required to produce the documents requested herein by the date stated on the subpoena.

## INSTRUCTIONS

1. If a privilege is asserted for any documents requested below, describe those documents and indicate the claim of privilege and the grounds upon which Your claim of privilege rests.

2. If any requested document is known by You to have existed, but no longer exists or no longer is in Your possession, custody, or control, You are required to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists, You are requested to identify its present custodian and location.

3. Documents shall be produced in the manner they are kept in the ordinary course of business. Documents maintained in spreadsheets (e.g., Microsoft Excel, Lotus 1-2-3) shall be produced in native format. Slipsheets should be branded with the corresponding Bates number and confidentiality designation.

4. Each Request for documents seeks production of the document in its entirety, without abbreviation, modification, or redaction, including, but not limited to, all attachments, actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed thereto.

5. A Request for documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

6. Each of the document requests is continuing in nature. Therefore, if after producing documents You obtain or become aware of additional information or documents pertaining to any request for production, You are requested to provide such information or documents.

7. These document requests shall be read, interpreted, and responded to in accordance with the definitions set forth below.

## DEFINITIONS

1. "Any" includes the word "all," and "all" includes the words "each" and "any."

2. The connectives "and" or "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside of their scope, and are not to be interpreted to exclude any information from the scope of these requests.

3. The term "communication" or "communications" includes every manner of transmitting or receiving facts, information, opinion, or thoughts from one person to another person, whether orally or through documents, writing, e-mail, electronic messaging, or copy thereof. Communication also includes words transmitted by any method of voice recording, including by telephone.

4. The term "document" or "documents" shall be construed to be synonymous and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

5. The term "including" means including without limitation.

6. The terms "relating to" and "regarding" include, without limitation, affecting, summarizing, considering, digesting, referring to, concerning, comprising, constituting,

commenting upon, describing, showing, pertaining to, mentioning, reporting, representing, listing, analyzing, studying, evidencing, reflecting, bearing on, constituting, connected to, or otherwise discussing in any way the subject matter identified in a request.

7.  The term "You" or "Your" refers to the Cook County Department of Facilities Management.

## DOCUMENT REQUESTS

1.  Organizational charts sufficient to identify the organizational structure and employees (including executive and supervising employees) of the Cook County Bureau of Asset Management and Department of Facilities Management from January 1, 2016 to February 1, 2022.

2.  Documents sufficient to identify those individuals responsible for overseeing the maintenance, repair, cleaning or sanitation of the Cook County Jail, including Division 4, at any time between April 1, 2020 and November 30, 2020.

3.  Documents sufficient to determine and compare expenditures to maintain or upgrade Division 4 with expenditures to maintain or upgrade other Divisions of Cook County Jail from 2016 to 2021, including documents reflecting the capital renewal budget allocated to each Division of Cook County Jail.

4.  All documents and communications, including emails:

    (i)  relating to the quantity or quality of drinking water available to detainees in Division 4 at any time from April 1, 2020 to December 31, 2020;

    (ii) relating to grievances or complaints, whether oral or written, made or submitted regarding the quantity or quality of drinking water available to detainees in Division 4 at any time from April 1, 2020 to December 31, 2020, including any consideration or responses by any Cook County Jail personnel;

3

        (iii)    relating to efforts by Cook County Jail personnel or Division 4 detainees to improve the quantity or quality of drinking water available to detainees in Division 4 at any time from April 1, 2020 to December 31, 2020.

5.    All documents and communications, including emails:

        (i)    relating to the presence of mold or mildew in Division 4 at any time from April 1, 2020 to December 31, 2020;

        (ii)    relating to grievances or complaints, whether oral or written, made or submitted regarding the presence of mold or mildew in Division 4 at any time from April 1, 2020 to December 31, 2020, including any consideration or responses by any Cook County Jail personnel;

        (iii)    relating to efforts by Cook County Jail personnel or Division 4 detainees to remove or prevent the growth of mold or mildew in Division 4 at any time from April 1, 2020 to December 31, 2020.

6.    All documents and communications, including emails:

        (i)    relating to plumbing issues in Division 4 at any time from April 1, 2020 to December 31, 2020;

        (ii)    relating to grievances or complaints, whether oral or written, made or submitted regarding plumbing issues in Division 4 at any time from April 1, 2020 to December 31, 2020, including any consideration or responses by any Cook County Jail personnel;

        (iii)    relating to efforts by Cook County Jail personnel or Division 4 detainees to resolve or prevent plumbing issues in Division 4 at any time from April 1, 2020 to December 31, 2020.

7. All documents and communications, including emails:

   (i) relating to the quantity or quality of food available to detainees in Division 4 at any time from April 1, 2020 to December 31, 2020;

   (ii) relating to grievances or complaints, whether oral or written, made or submitted regarding the quantity or quality of food available to detainees in Division 4 at any time from April 1, 2020 to December 31, 2020, including any consideration or responses by any Cook County Jail personnel;

   (iii) relating to efforts by Cook County Jail personnel or Division 4 detainees to improve the quantity or quality of food available to detainees in Division 4 at any time from April 1, 2020 to December 31, 2020.

8. All documents and communications, including emails:

   (i) relating to the presence of insects or rodents in Division 4 at any time from April 1, 2020 to December 31, 2020;

   (ii) relating to grievances or complaints, whether oral or written, made or submitted regarding the presence of insects or rodents in Division 4 at any time from April 1, 2020 to December 31, 2020, including any consideration or responses by any Cook County Jail personnel;

   (iii) relating to efforts by Cook County Jail personnel or Division 4 detainees to prevent or decrease the presence of insects or rodents in Division 4 at any time from April 1, 2020 to December 31, 2020.

9. All photographs and videos reflecting the conditions in Division 4 at any time between March 1, 2020 and December 31, 2020, including any of the conditions described in the Amended Complaint, including the presence of mold and mildew, lack of potable drinking water

5

or adequate food, discolored water, clogged sinks and toilets, plumbing leaks and exposure to raw sewage or waste, flooding, or infestation of insects or rodents. (*See* Compl. 24-102).

10. With respect to Division 4 of the Cook County Jail, all documents and communications, including emails, regarding actual or potentially inadequate, unclean or unsafe conditions or difficulties, challenges or problems in restoring or maintaining the division in a clean, safe or habitable condition from May 2016 through December 2020.

11. All documents and communications, including emails, regarding inspections of Division 4 from May 2016 through December 2020.

12. All documents and communications, including emails, relating to the closure of or the decision or reasons to close Division 4 of the Cook County Jail in or around May of 2018,.

13. All documents and communications, including emails, studies, or reports relating to the condition of Division 4 of the Cook County Jail when it was closed in or around May of 2018.

14. All documents and communications, including emails, studies, or reports relating to the decision to re-open Division 4 of the Cook County Jail in or around April 2020.

15. All documents and communications, including emails, relating to the condition of Division 4 of the Cook Jail when the decision was made to re-open it in or around April 2020.

16. All documents and communications, including emails, relating to any cleaning, maintenance, inspection, or other preparation of Division 4 performed prior to or in connection with its April 2020 re-opening.

17. All documents and communications relating to the City of Chicago's involvement in or oversight of any aspect of the Cook County Jail facilities.

18. All documents and communications related to water testing in Cook County Jail Division 4, including data, results, policy, and schedules.