**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Chase Epps, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-cv-002393 |
| | ) | |
| v. | ) | District Judge Mary M. Rowland |
| | ) | |
| Thomas Dart, et al., | ) | [Magistrate Judge Sunil R. Harjani] |
| | ) | |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FROM COOK COUNTY DEPARTMENT OF FACILITIES MANAGEMENT

Respondent Cook County Department of Facilities Management ("DFM"), a non-party to this action, by its attorney Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Alexandrya Black, responds to Plaintiff's Motion to Compel that #1 there is no valid and active subpoena served upon the Cook County Department of Facilities Management, #2 the previous subpoena served in 20 C 5472 was complied with, and #3 Plaintiff has failed to comply with Rule 45(d) Avoiding Undue Burden or Expense.

## INTRODUCTION

Plaintiff's (Chase Epps) motion to compel DFM should be denied for several reasons. First, Plaintiff's motion is moot because the underlying case was voluntarily dismissed, thereby terminating that subpoena. No subpoena was issued on DFM in this current case. Second, DFM has already answered Plaintiff's subpoena thereby mooting this motion. When the disclosing party complies with the movant's discovery requests, there is nothing left to enforce. Plaintiff's motion suggests DFM failed to produce documents namely (1) work orders; (2) preventative maintenance inspections; (3) the closing and reopening of Division 4; and (4) its expenditures on Cook County

1

Jail. It does so by mislabeling the documents provided, refusing to read the budget material available to them at the URL provided, and doubting without explanation the response that there are no DFM documents for so-called closing and opening Division 4. Plaintiff's unfounded belief fails to establish a good-faith basis for a motion to compel. Plaintiff's motion must be denied.

## **BACKGROUND**

On March 1, 2022, Plaintiff served a subpoena on DFM, a non-party, pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* ECF 51-1 at 2-4. Plaintiff requested documents in the case *Chase Epps v. Thomas Dart et al.*, 20-cv-04572. On April 11, 2022, Plaintiff moved to voluntarily dismiss case 20 CV 5472 pursuant to Rule 41(a)(2). The Court granted Plaintiff's motion on May 3, 2022, thereby terminating the subpoena issued thereunder. Case no. 22-cv-02393 is a refiling of the claim. On information and belief Plaintiff did so to avoid the fact that Plaintiff did not grieve his issues in the administrative process available at CCDOC and that would have barred his lawsuit 20-cv-5472.

On July 1, 2022, DFM complied with all Rule 45 subpoena requests pertaining to case 20-cv-05472. Documents in the form of work orders were produced to Plaintiff on July 1, 2022. On August 10, 2022, Plaintiff's counsel sent a letter to the undersigned attorney claiming purported deficiencies in DFM's response. *See* ECF 51-9. On August 26, 2022, in response to the purported deficiencies, undersigned attorney refuted all those claims of deficiencies and stated DFM produced the work orders. *See* DFM Exhibit A.

On September 2, 2022, Plaintiff's counsel and undersigned attorney met via Zoom and further discussed the issue. At that time, Plaintiff revised his requests to add air temperature testing documents. Rather than waste time, DFM immediately provided this information and produced documents showing air temperature checks on September 15, 2022. DFM believed both the

2

subpoena and additional requests were complied with and communicated this information to the issuing attorney.

Plaintiff has now brought a motion without further notifying DFM and without issuing a new subpoena under this case number.

## ARGUMENT

### I.     PLAINTIFF'S MOTION SHOULD NOT BE HEARD. DFM COMPLIED IN DISMISSED CASE 20-CV-5742 AND THE SUBPOENA WAS TERMINATED

As a threshold matter, Plaintiff's motion should not be heard because Plaintiff voluntarily dismissed the case captured on the subpoena at issue. Rule 45 spells out certain requirements for the issuance of a valid subpoena, and here, there is a question of whether Plaintiff's subpoena remained lawful. Rule 45 requires that every subpoena must: (i) state the title of the action and its civil-action number. Fed. Civ. R. 45. On April 11, 2022, Plaintiff filed a motion for voluntary dismissal of Case No. 20-cv -5742 pursuant to Rule 41(a)(2), without notice to DFM as a respondent. *Epps v. Dart*, No. 20-cv-05742, 2022 U.S. Dist. LEXIS 79933, at *14 (N.D. Ill. May 3, 2022). It is unreasonable for Plaintiff to assert that the subpoena issued on DFM would be construed as open, because it had been complied with by tendering documents.  No new subpoena was issued, and Plaintiff did not contact DFM on the new case.

DFM was a non-party in the previous suit and remains a non-party in the suit at bar. As Rule 45 requires, all subpoenas must be tied to a civil-action number.  Fed. R. Civ. P. 45(d)(1) allows for the imposition of sanctions, including reasonable attorney fees, on the party issuing the subpoena when that party who failed to take reasonable steps to ensure the subpoena would not result in an undue burden. Fed. R. Civ. P. 45(d)(1). Good faith in issuing a subpoena is not sufficient to avoid sanctions under Rule 45(c)(1) if a party has issued the subpoena in violation

of the duty imposed by Fed. R. Civ. P. 45. *Elliot v. Mission Trust Services, LLC*, No. 14 C 9625, 2015 U.S. Dist. LEXIS 45412, at *1 (N.D. Ill. Apr. 7, 2015) (citing cases).

## II.    DFM ANSWERED PLAINTIFF'S SUBPOENA, THEREBY MOOTING PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion to compel is moot because DFM has already answered Plaintiff's subpoena. Plaintiff is within his authority to compel documents pursuant to Rule 37(a), but courts have denied such motions as moot when the disclosing party complies with the movant's discovery requests. *Tamas v. Family Video Movie Club*, No. 11 C 1024, 2015 U.S. Dist. LEXIS 197191, at *7 (N.D. Ill. Apr. 13, 2015). *See also Carrigan v. K2M, Inc.*, No. 09-CV-3149, 2011 U.S. Dist. LEXIS 50015, 2011 WL 1790423, at *3 (C.D. Ill. May 10, 2011) (denying a motion to compel as moot as to discovery already provided); *Merriweather v. Marion Cnty. Sheriff*, No. 1:02-CV—01881, 2004 U.S. Dist. LEXIS 10272, 2004 WL 1234119, at *3 (S.D. Ind. May 13, 2004) (denying plaintiff's motion to compel as moot because defendant complied with discovery request). As discussed above, DFM complied with all Rule 45 subpoena requests. Production of documents responsive to Plaintiff's subpoena was produced on July 1, 2022. After learning of Plaintiff's revised request for air temperature testing documents on September 2, 2022, DFM immediately complied with the additional request by inquiring of DFM, and a production of the documents responsive to Plaintiff's revised request were produced on September 15, 2022. Plaintiff is not satisfied with the documents, but rather than explain why they believe they are deficient they mislabel them and say there was a lack of compliance. Plaintiff's attorney has described DFM's production as a "summary log" but such a term does not appear anywhere on the documents produced.

But Plaintiff's refusal to discuss the documents provided or accept DFM's answers is not grounds for a motion to compel. *See Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)

("The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery"). Plaintiff's motion to compel is without basis and must be denied.

A.      *Work Orders*

Plaintiff seeks to obtain information already provided, namely work orders. DFM tendered the orders generated in its Work Order System to Plaintiff on July 1, 2022, Bates-labeled DFM Subpoena 000003-000059. (ECF 51-7 at 4-59). Plaintiff was not satisfied with that production. But being unsatisfied is not the same as not having been produced. Plaintiff claims DFM has not produced work orders "despite repeated efforts by Plaintiff to secure their production." (ECF 51 at 5). This claim is false. Plaintiff mischaracterizes what was produced as a "summary log." (ECF 51 at 6). This was not a summary log. It is precisely what DFM describes as the work orders that exist on its DFM Work Order System.

The Work Order System has long been the vehicle through which the Sheriff, the Defendants in the underlying case, communicates with DFM. The reasonableness of the system is demonstrated in a 2010 Department of Justice Consent Decree ("DOJ Consent Decree") under Case No. 10-cv-02946 where it ordered "CCDOC shall communicate with DFM via the Work Order System…", "DFM… will document repairs by the Work Order System." (DFM Exhibit B at 45 ¶¶ 76, 80).

Plaintiff proclaims that "[c]ompliance with [Plaintiff's] subpoena will almost certainly result in the production of work orders, which have not been produced by any other party in this matter." (ECF 51 at 6). But Plaintiff refuses to acknowledge that the work orders were produced from the Work Order System and tendered them as DFM Subpoena 000003-000059. (ECF 51-7

at 4-59). To be sure, Plaintiff now shows that he now wants the data presented as each work order printed on a single sheet.

Through the produced work orders, DFM documented each work request during the relevant period and how it was handled. Plaintiff still fails to articulate how this is not responsive to the subpoena. The Court has held that "to what extent a subpoenaing party must 'justify [its] pursuit' turns, at least in part, on whether the individual subpoenaed is a party: "non-parties are entitled to somewhat greater protection" than parties. That protection encompasses . . . administrative hardship[s] . . .". *Wilson v. O'Brien*, No. 07 C 3994, 2009 U.S. Dist. LEXIS 22967, at *21 (N.D. Ill. Mar. 20, 2009) *citing Patterson v. Burge*, No. 03 C 4433, 2005 U.S. Dist. LEXIS 1331, at *5 (N.D. Ill. Jan. 5, 2005).

Critical to any analysis is that DFM is a non-party and Rule 45 requires the issuing attorney to be more careful to avoid costing the non-party unwarranted expense.

Plaintiff is using a motion to compel to expand the scope of his subpoena request. In the motion, Plaintiff asserts that DFM "should be required to produce work orders covering April 1, 2018, to November 30, 2020." (ECF 51 at 5). Plaintiff's subpoena on this matter requested documents from "any time between April 1, 2020, and November 30, 2020." (ECF 51-8 at 13, 16.) Plaintiff's expanded time frame imposes a significant and unjustifiable burden on the non-party DFM. As such it violates the Rule 45(d) provisions regarding undue expense. DFM disclosed all the entries in its Work Order System. Indeed, evidence shows that the Work Order System is the singular and sufficient form of communication between the Cook County Sheriff and DFM. Therefore, this Court should find that Plaintiff has not shown a compelling need for the additional information sought.

In the alternative, if the Court orders DFM to produce thousands of pages of single sheet work orders in the expanded time frame of April 1, 2018, to November 30, 2020, Plaintiff should pay the cost associated with the DFM clerk's time spent printing each work order on a separate sheet.

B.    *DFM does not perform all preventative maintenance at the Cook County Jail.*

Plaintiff argues that DFM has publicly represented that it performs preventative measures at the Cook County Jail, including regularly scheduled preventative maintenance inspections, and should produce these documents. (ECF 51 at 7).  Plaintiff has based this assumption on an affidavit of the former Director of DFM James D'Amico in which D'Amico was describing preventive maintenance in Division 1, as performed in 2013. (ECF 51-5 ¶ 4). Division 1 has since been dismantled. Since June 22, 2015, DFM was under no duty to perform the routine inspections. The three-judge panel in 10-cv-2946 terminated those provisions. (DFM, Ex. C, Case: 1:10-cv-02946 Document #: 297 Filed: 06/22/15). Under Illinois law, the Cook County Sheriff is responsible for maintaining the jail.  *See* 55 ILCS 5/3-6017 (2019) (stating that the Sheriff "shall have the custody and care of the courthouse and jail of his or her county, except as is otherwise provided"). DFM informed Plaintiff that the only inspections DFM performs in divisions are inspections for air temperature checks in four locations per division based (cold and heat complaints are common). Plaintiff has now filed to compel production of preventative maintenance which was not done in Divisions other than Division 1 which had persistent clogged drain issues, as noted in the D'Amico affidavit.

In 2013, when the affidavit of the former DFM director was signed, the Cook County Jail was still operating under a 2010 Agreed Order with the U.S. Department of Justice in Case: 1:10-cv-02946. The agreed order required that "DFM implement a preventive maintenance plan to

7

respond to routine and emergency maintenance needs…." (DFM Exhibit B at pg. 46 ¶ 83(c)). Additionally, upon the Court's 2017 order terminating the agreed order, the Office of the Cook County Sheriff was fully compliant with the 2010 Consent Decree, and DFM is not under an obligation to make such reports. That ruling dismissed the DOJ Consent Decree. (DFM Exhibit D). Therefore, there are no responsive documents.

It is astonishing that Plaintiff would now assert that DFM "agreed to investigate and produce responsive documents before abruptly reversing course", when in fact DFM, following the parties September 2, 2022, conference, produced over 600 pages of documents, Bates-labeled DFM Subpoena 0000062-000689 [inspections for air temperature checks] on September 15, 2022. (ECF 51 at 7, ECF 51-5.) Here, DFM is not saying the request is improper, DFM is saying there are no other documents, and whether Plaintiff agrees with that response is not enough to sustain a motion to compel. Thus, Plaintiff's motion to compel fails.

C.    *DFM has answered that there are no documents regarding the closing and re-opening of Division 4.*

DFM maintains that it has no documents regarding preparations made to close and/or re-open Division 4. This information has been repeatedly conveyed to Plaintiff. DFM is charged with maintaining the physical plant of the Cook County Jail upon notice through the work order system or emergency work order. Whether Division 4 is opened or closed for housing inmates is within the purview of the Cook County Sheriff. But Plaintiff conflates closing and re-opening Division 4 as to housing inmates, with Division 4 being operational. The physical plant of Division 4 has always been operational. To support his argument that DFM must have responsive documents Plaintiff now contends apropos of nothing that "[m]aintenance work, such as disconnecting utilities (among many other things), is necessary to prepare a building to stand

unused." (ECF 51 at 8). But utilities in Division 4 were not disconnected even when no inmates were housed there, as DFM has informed Plaintiff's counsel.

Indeed, Plaintiff has fallen victim to gossip that Division 4 is "condemned.[1]" But the jail population decreased, enabling reduction in staff for unnecessary housing. Data has shown that the jail population decreased by 11.7% from 6,504 in quarter four of 2017 to 5,820 in quarter three of 2021.[2]

Plaintiff misrepresents the meaning of an excerpt from a YouTube video entitled *"Sheriff and health officials discussing the study of coronavirus outbreak at Cook County Jail"* to imply that DFM has documents regarding the closing and re-opening of Division 4. Plaintiff is off base. In that video, Dr. Connie Mennella, Chairperson of the Department of Correctional Medicine at Cermak Health Services ("Cermak"), when referring to her own department, Cermak, stated "we expanded our footprint, it was a huge, huge task, it required not only moving our patients across the entire jail compound as it's no longer being used, and again, everyone from our Facilities Management partner in opening those buildings, to our staff in literally creating living units and creating clinical spaces to take care of our patients." Plaintiff has selectively used Dr. Mennella's words of praise for DFM as proof DFM has documents related to the closing and re-opening of Divisions and clinical areas. DFM states it does not have responsive documents for closing and reopening Division 4 and any work orders to do Division 4 work have been tendered. The Chairperson of Correctional Medicine at Cermak is simply not in a better position to understand what documents of DFM's work than DFM.

---

[1] It is indeed strange for a lawyer to misunderstand the legal meaning of "condemnation," When private land is taken for public use, the legal process is known as condemnation.
[2] https://www.cookcountycourt.org/Portals/0/Chief%20Judge/Model%20Bond%20Court/2021/Q3%202021%20Dashboard%20-Final.pdf?ver=-Zok5hoxzcE-NIoQDe_Y9g%3D%3D#:~:text=Figure%201A%20shows%20the%20Cook,Effective%20September%2018%2C%202017).&text=The%20average%20daily%20confined%20population,in%20quarter%20three%20of%202021.

Again, Division 4 was always operational, even if there was no need to house detainees there. Even when not housing inmates, DFM maintained the physical plant of Division 4.

It is also baffling that Plaintiff's counsel would state that counsel for DFM "abruptly and unilaterally declared the file closed and ceased engagement apparently before undertaking any such investigation." (ECF 51 at 3-4). In a letter dated September 15, 2022, to Plaintiff's counsel, undersigned counsel wrote "in response to your August 10, 2022 letter, and as a follow up to our conversation on September 2, 2022, you have received with this correspondence a SharePoint link"… providing the air temperature checks requested in a modification to the Plaintiff's subpoena. DFM gathered these responsive documents in a spirit of cooperation. Where DFM stated "[n]o further search will be conducted" and that "[w]e will now close our case file" (ECF 51-4 at 2) this was intended to indicate the subpoena was satisfied. This letter accurately informed Plaintiff's counsel that there were no additional documents beyond what was tendered.

It was Plaintiff's counsel who "abruptly and unilaterally" dismissed case number 20-cv-5472 under which the subpoena was issued. Simply put, Plaintiff cannot continue to request something that does not exist, and this motion to compel is another means to cause expense to a responding third party.

D.    *DFM has directed Plaintiff to publicly available documentation regarding the budget.*

Plaintiff requested budget documents from 2016 to 2021 fishing for proof of expenditures for Division 4 and other Divisions of the Cook County Jail. DFM advised Plaintiff that the current and past Cook County budgets are public and provided the URL for these publicly available documents. Even under F.O.I.A. and pursuant to 5 ILCS 140/8.5(a), a public body is not required to copy a public record that is published on the public body's website. It is incomprehensible that Plaintiff would argue "Facilities Management has refused to produce

anything…" (ECF. 51 at 9). As is common when records are publicly available, to direct a Plaintiff to the location where they can be downloaded for free. Plaintiff has not stated even whether he has attempted to retrieve these documents, nor did Plaintiff conduct a Local Rule 37.2 conference on the issue. Even here, the person requesting documents has to show a failed attempt at accessing the URL. Plaintiff's motion to compel fails on this argument.

## **CONCLUSION**

**WHEREFORE**, for reasons set forth above, DFM, a non-party to this action, respectfully request that this Honorable Court deny Plaintiff's Motion to Compel.

Respectfully submitted,

Kimberly M. Foxx
State's Attorney of Cook County

By:    */s/ Alexandrya Black*
Alexandrya Black
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5669

11

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 18, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


 */s/Alexandrya Black*
Alexandrya Black