UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHASE EPPS ) | |
| ) | Case No. 1:22-cv-2393 |
| Plaintiff, ) | |
| ) | |
| vs. ) | Hon. Judge Mary M. Rowland |
| ) | |
| THOMAS DART, Sheriff of Cook County, in ) | |
| His official and individual capacities, and ) | Magistrate Judge Sunil J. Harjani |
| Executive Director AMANDA GALLEGOS, ) | |
| Superintendent HERNANDEZ, Lieutenant ) | |
| JOHNSON, Shift Commander HUDSON, and ) | |
| Correctional Officer SPERLOCK, in their ) | |
| Individual capacities, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SHERIFF'S RESPONSE TO MOTION TO COMPEL
CUSTODIAL SEARCHES AND VIDEOS**

Defendants Cook County Sheriff Thomas J. Dart, on behalf of all Defendants, by their attorneys Jason DeVore and Troy Radunsky of DeVore Radunsky LLC, for their Response to Motion to Compel Custodial Searches and Videos, states as follows:

**INTRODUCTION**

It is undisputed that Defendant Sheriff has searched the email accounts of all named individual (unelected) Defendants, along with those of several other individuals who were identified by Plaintiff or Defendants as potential witnesses. Because Plaintiff's First AND Second Requests for Production did not include any specific ESI custodians, search terms or qualifiers,[1] in the spring, Defendant Sheriff ran searches based on variations of Plaintiff's name and booking

---

[1] Plaintiff initially requested, inter alia, "All documents and communications, including emails, created or obtained by Cook County Jail personnel relating to Mr. Epps or to the allegations in his Amended Complaint relating to the conditions in Division 4." See Plaintiff's First Request for Production Nos. 5-6. For the named individual Defendants, these email searches were actually performed in late April 2022, but were inadvertently not produced until this fall. The Second Requests sought, "All documents and communications, including emails, relating to the closure of Division 4 after November 30, 2020." See Plaintiff's Second Request for Production Nos. 25-27.

number, and umbrella search terms related to allegations in the operative complaint. Defendant Sheriff produced emails to Plaintiff. Defendant Sheriff has also clarified, in response to Plaintiff's document requests, by stating that there exists no special or additional memoranda and white papers regarding the closing and re-opening of Division 4. (Plf's RFP No. 16, 17, and 18.) Defendant Sheriff has also located and produced videos related to Plaintiff's stay in Division 4 of the Cook County Jail, where Plaintiff was housed for a small period in 2020. The videos were accompanied by an affidavit from Executive Director of Case Review within the Office of the Cook County Sheriff's Bureau of Information & Technology. Defendant Sheriff has explained (via affidavit) that CCDOC video is not retained after 30 days, making it unfeasible to impossible to search for or locate other video from 2020 for Division 4.

Despite these efforts, Plaintiff has filed his third motion to compel seeking an order requiring Defendant Sheriff: (1) to run Plaintiff's 37-plus ESI search terms individually, for both named and unnamed witnesses, by a specific deadline; (2) to produce "all videos corresponding to the dates of Mr. Epps filed grievances;" and (3) to produce "additional videos evidencing the conditions in Division 4." All the document is titled, "Motion to Compel," The specific search terms were not included in Plaintiff's written requests to produce.

Although Defendants have also included in their motion a request that Defendant be ordered to search the individual email accounts for "Epps OR "20191223018" OR "2019-1223018," Defendant Sheriff again submits that there is no dispute here, as Defendant Sheriff has already produced emails for this search – specifically, a search with the terms "Chase Epps," OR "Epps, Chase," OR "20191223018" OR "2019-1223018" for all proposed custodians except for Sheriff Dart personally. Although Plaintiff names "unnamed Superintendent of Division 4" as a potential custodiam this request is moot, because there was no Superintendent of Division 4 while it was closed between 2018 and 2020.

2

As such, Defendant Sheriff submits that this dispute boils down to (1) the extent of discovery be conducted on Sheriff Thomas Dart in his personally capacity, which has already been briefed; (2) Plaintiff's unedited list of 37 search terms for email searches, and whether this search is overboard or burdensome, especially light of the umbrella terms for water issues and sanitation already searched by Defendant Sheriff, (3) Plaintiff's continued demand for a search of white papers/memoranda concerning the reopening or closing of Division 4 in 2020 and 2021, respectively, while Defendant has stated that the same does not exist; and (4) Plaintiff's requests for additional video of Division 4 in 2020.

## ARGUMENT

### I. Defendant Sheriff's Objections Regarding Search Terms

Defendant Sheriff does not have any objection to searching the emails of Defendants Gallegos, Hernandez, Johnson, Hudson, or Spurlock, and has no objection to searching the emails of former Director Miller (identified by Defendants as responsible for the reopening of Division 4 in 2020), Don Beachem (identified by Defendants as former Superintendent of Division 4). Nor does Defendant object to the request to search the email accounts of Cierra Ford/Reid or Angela Hawkins, as requested by Plaintiff. Defendant Sheriff also has had no objections to searching for emails concerning the reopening or closing of Division 4. Defendants take issue new requests, not in prior RTPs, and with the *number* of search terms, and the burden such a search would impose.

First, it should be clear that Plaintiff's written document requests did not include clear search term names, criteria, or qualifiers. For example, Plaintiff requested:

- RTP: "All documents and communications, including emails, relating to the condition of Division 4 at the time of its post-November 2020 closure."
- RTP: "All documents and communications, including emails, relating to grievances or complaints, whether oral or written, made or submitted by Mr. Epps, including Mr. Epps's

3

- submissions, any records of the same, and any consideration or responses by any Cook County Jail employees."
- RTP: "All documents and communications, including emails: (a) relating to the quantity or quality of drinking water available to detainees in Division 4 at any time from April 1, 2020 to December 31, 2020;
- RTP: "All documents and communications, including emails: (a) relating to the presence of mold or mildew in Division 4 at any time from April 1, 2020 to December 31, 2020;

Therefore, Defendant Sheriff requested that it's IT department run searches, and used dates and search terms pulled from the allegations of Plaintiff's complaint and/or terms based on the words Plaintiff used when submitted his inmate grievances, submitted while Plaintiff was in the IDOC.

| EMAIL/ESI SEARCHES COMPLETED BY DEFENDANT SHERIFF | |
|---|---|
| Search Description | Search Parameters |
| Search 1 – Custodians | - Custodians:<br>    o Lieutenant Franco Hernandez<br>    o Lt. Alta Johnson<br>    o C/O Elbert Hudson<br>    o Valerie SPURLOCK<br>- Search Terms:<br>    o 1: "Chase Epps" or "20191223018" or "2019-1223018"<br>    o 2: mold or pests or sewage or "red water" or "potable water" or flooding |
| Search 2 - Gallegos[2] | I. Custodian: AMANDA GALLEGOS<br>II. Search Terms<br>    o 1: "Division 4" or "Div4"or "Div04" and : "reopen" or "re-open" or condemned or demolish or demolition [0 hits]<br>    o 2: "Chase Epps" or "20191223018" or "2019-1223018" [7 hits]<br>    o 3: ("Division 4" or "Div4" or "Div04") AND (mold or pests or sewage or "red water" or "potable water" or flooding) [29 hits] |
| Search 3 - Miller | - Custodian: Michael Miller<br>- Search Terms<br>    o 1: "Division 4" or "Div4"or "Div04" and "reopen" or "re-open" or condemned or demolish or demolition [0 hits]<br>    o 2: ("Division 4" or "Div4" or "Div04") AND (mold or pests or sewage or "red water" or "potable water" or flooding) [1 hit] |

---

[2] Ms. Gallegos was no longer acting as Executive Director of the CCDOC by March 1, 2020.

|  |  |
|---|---|
|  | o   "Chase Epps" or "20191223018" or "2019-1223018" |
| Search 4 | Email Custodians:<br>• Defendant Amanda Gallegos<br>• Defendant Franco Hernandez<br>• Defendant Alta Johnson<br>• Defendant Elbert Hudson<br>• Defendant Valerie Spurlock<br>• Don Beachem<br>• Cierra Ford/Reid<br>• Angela Hawkins<br>Search Terms:   "Epps" |

As shown above, in the absence of ESI criteria within Plaintiff's First and Second Requests for Production, Defendant Sheriff conducted reasonable searches based on the allegations of the operative complaint. Plaintiff's Complaint, for example, mentions "mold," "sewage," "insects and rats." It does not mention bedbugs or cockroaches or fleas or mice. Defendant Sheriff searched for "pest" because it has a "pest control" records and contractor, allowing it to search for anything related to calls for pest control measures using this umbrella term.

Defendant Sheriff does not have, and has never had, an objection to searching for emails for relevant time periods in 2020 and 2021, or even for 2018, when it comes to the closing of Division 4 in 2018. Part of the confusion is surely that such clear and discrete time frames were not included in the written document requests. Plaintiff had provided no specific ESI criteria, leaving Defendant Sheriff to respond in the context of Motions to Compel, rather than responding to new discovery requests.

In any case, Defendant Sheriff submits that the heart of this dispute at this time concerns search terms, not dates or custodians, for the reasons stated below.

**A. Plaintiff's Motions have Included New ESI Criteria, including 37 search terms related to conditions.**

The heart of the search term dispute appears to be the Defendants request for the Plaintiff

5

to narrow the additional search term request to umbrella terms, because of the time and expense it would take for an IT person to enter each search term as a request for each of the nine agreed email custodians. Plaintiff's list even includes terms like "sewage" and "red water" and "potable water" that Defendant Sheriff has already run. To give an example, the Sheriff as suggested and requested using "water" as a umbrella search term for as "red water" or" "brown water" OR "contaminated water" OR "polluted water," etc., and has recommended umbrella terms like "rodent" and "pest" for mice, rats, bedbugs, etc. Plaintiff has refused to budge on Plaintiff's unique search terms. Altogether, Plaintiff demands that Defendant Sheriff run each of the following for every custodian:

1. clean
2. unclean
3. maintain*
4. housekeep*
5. inspect*
6. conditions
7. unsafe
8. sanit*
9. unsanitary
10. habitab*
11. unhabit*
12. uninhabit*
13. dehydrat*
14. potabl*
15. cooler
16. water
17. drink*
18. undrink*
19. sewage
20. feces
21. fecal
22. urine
23. plumb*
24. pipe*
25. leak.
26. mold
27. mildew
28. fungus
29. insect
30. roach
31. cockroach
32. flea
33. bedbug
34. rodent
35. mice
36. mouse
37. rats
38. infest*

Defendant Sheriff contends again that its search, using umbrella terms for the conditions specially mentioned in Plaintiff's Complaint/grievances was reasonable, especially in light of the fact that Plaintiff's written requests did not contain search terms. Subsequently, Plaintiff's demand for a second search of some of the same terms, and Plaintiff's refusal to discuss using umbrella terms to allay the burden of conducting 37-plus separate searches for at least nine custodians has been a shock and surprise to Defendant Sheriff. (Multiplying 37 terms by 9 custodians means that

an IT staff person would have to enter over 333 queries by hand to fulfil Plaintiff's current request.) Setting aside umbrella terms already used, Defendant Sheriff would propose searches such as:

1. "sanitation" (to cover "clean, unclean, maintain, housekeep, inspect*, conditions, unsafe, sanit* unsanitary).
2. "Uninhabitable" (to cover "habitab*, unhabit*, uninhabit*, habit)
3. "Water" (to cover "dehydrat*, potable, cooler, water, drink*, undrink* pipe leak plumb
4. Insect

Defendant Sheriff also submits that emails are not the only relevant documents related to conditions in Division 4, and submits that other responsible categories of documents have been produced. As Defendant has indicated, the sanitation and pest control records better sources of what was being requested and done. Accordingly, Defendant produced or agreed to produce various records kept and maintained in the regular course business. These documents include, but are not limited to:

- Daily Living Unit Logs for all for each day in 2020 that Plaintiff was housed in Division 4
- Daily Sanitation Logs for each day in 2020 that Plaintiff was housed in Division 4
- All Facilities "Work Orders" associated with Plaintiff's detainee grievances
- Pest control records for August through November 2020
- Department of Corrections official policies and procedures concerning sanitation, pest control, document retention, and food service effective in 2020

Defendant Sheriff requests that Plaintiff's Motion to Compel as to search terms be denied, and Plaintiff be ordered to narrow its new search terms to five new search terms or queries that have NOT already been run.

### II. Plaintiff seeks to Compel Individual Capacity Discovery via the Present Motion to Compel.

Plaintiff continues his quest to compel early individual capacity discovery of Sheriff Dart. ("As recognized by this Court, Defendant Dart is an appropriate custodian for both the opening and closing periods. Ex. 1, 9/19/22 Tr. 10:9–14.") This issue has been fully briefed, and Defendant Sheriff will not repeat all related arguments here. *See, e.g, Crawford-El v. Britton*, 523 U.S. 574,

7

597–98 (1998); *Bless v. Cook Cnty. Sheriff's Off.*, No. 13 C 4271, 2017 WL 1344522, at *2 (N.D. Ill. Apr. 12, 2017); *See also Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (citing *Harlow v Fitzgerald,* 457 U.S. 800, 817, (1982)). Suffice to say that they are valid reasons to delay the individual capacity discovery of an elected official, and the fact that Plaintiff does not *subjectively* believe that Mr. Thomas Dart, individually, was not involved, is not a reason to Move to Compel before this Court has decided the related Motion to Reconsider.

### III. Defendant Sheriff provided a full response to Plaintiff's Discovery Requests concerning the reopening and closing of Division Four.

In the memorandum in support of its Motion to Compel, Plaintiff writes, "After extensive briefing and argument, this Court has already ordered Defendants to search for documents relating to the closing/reopening/reclosing of Division 4 from 2018 to 2021."

In fact, Defendant Sheriff never refused to respond and did not refuse to search for responsive documents. Plaintiff does not mention that Defendant Sheriff has, in fact, answered Plaintiff's written document requests. For example:

- RTP 17 requested, "All documents and communications, including emails, relating to the condition of Division 4 of the Cook County Jail when it was closed in or around May of 2018."

- RTP 19 requested, "All documents and communications, including emails, relating to the condition of Division 4 of the Cook Jail when the decision was made to re-open it in or around April 2020."

- RTP 25 requested: "All documents and communications, including emails, relating to the closure of Division 4 after November 30, 2020."

Defendant Sheriff answered these document requests in writing and produced responsive documents. Neither set of request included the words "whitepaper" or "memoranda," or any

derivative thereof. Nevertheless, in the spirit of the request, the Sheriff searched for *any* documents specifically pertaining to reopening or closing of the Division. In the Rule 37 conferences, counsel for Defendant Sheriff clarified that it had identified the employee who spearheaded the reopening of Division 4 – former director Michael Miller – and confirmed that no additional documents exist – that there were no checklists or special request forms related to getting permission to reopen or close a Division. Plaintiff may be surprised or even unhappy that the response and production did not contain "whitepapers or other memoranda, but this does not mean that Defendants failed to respond. Plaintiff clearly does not *believe* Defendants' representations. But Plaintiff's subjective beliefs, or disbelief, do not alone demonstrate or indicate a failure to or a refusal to respond to discovery requests. A motion to compel is not appropriate on these facts.

Plaintiff's Motion to Compel seeks additional email searches, of persons Plaintiff believes may have information related to the opening and closing of Division 4:

- Salomon Martinez, former Superintendent of Division IV;
- Nneka Jones-Tapia, former Executive Director;
- Jeff Johnsen, former Chief of Operations.
- Don Beachem, former Division 4 Superintendent;
- Michael Miller, former First Assistant Executive Director of Operations;
- Jane Gubser, First Assistant Executive Director of Programs;
- Tarry Williams, former First Deputy Chief of Staff for Operations.
- The undisclosed former employee referred to by Defendants.

Neither Plaintiff's First nor Plaintiff's Second Requests to Produce named or sought to search the email accounts of any of these enumerated employees or former employees, making a Motion to Compel on this issue inappropriate and premature. The relevance or actual involvement of these individuals has not been discussed outside of this motion to compel practice. Especially given the fact that Defendant has indicated a clear willingness to search the emails for former Superintendent Beachem and former director Miller – having searched those emails accounts on its own initiative

9

– there is no suggestion that Defendant Sheriff has been unwilling to discuss searching these accounts. Defendant Sheriff Request that the Motion to Compel be denied on these issues.

## II. Defendant Sheriff Produced Available Videos of Division 4 in 2020.

Defendant Sheriff complied with this Court's October 17, 2022, order by producing four videos related to incidents in Division 4. These videos depict conditions in the jail, including lunch and kitchen areas to which Plaintiff's claims relate. Plaintiff admits that the videos are clear and provide information that depicts conditions in the jail.

There are no additional videos that would coincide with Plaintiff and the conditions he experienced in Division 4 in 2020 largely because video is not stored indefinitely. Along with the videos, Defendants have produced the affidavit of Sean Chambers, Executive Director of Case Review within the Office of the Cook County Sheriff's Bureau of Information & Technology. (*See* Affidavit of Executive Director Sean Chambers, Dkt. #68). The affidavit of Mr. Chambers details the manner in which videos are kept in the regular course of business, pursuant to Policy 137, followed by the Cook County Sheriff's Office ("CCSO"). In short, an automatic system rolls over stationary camera video every 30 days, include the video is associated with an incident report number. There is no way to retrieve additional video from 2020, more than years ago.

Plaintiff incorrectly contends that videos should be associated with grievances. Plaintiff's statement is not evidence, and he affidavit of Mr. Chambers clearly sets forth that video is stored and tagged in association with incidents, not grievances.

Here, Defendants have produced four videos related to incidents in Division 4 involving Plaintiff. The videos produced by Defendants relate to incident numbers DIV4-2020-11867 and DIV4-2020-14168:

- Incident number DIV4-2020-11867 took place on September 18, 2020. There are two video angles with two videos of each angle. These videos depict a clean, debris-free with tables

and a water covered cooler. The videos depict a staff member working in the area. The videos show a detainee disposing trash in a trash bin.

- Incident number DIV4-2020-14168 took place on November 3, 2020. There are three video angles with two videos of each angle. These videos show detainees interacting in the living area, a water cooler, trash containers, lighting, television, microwave, and officers interacting with detainees.

Plaintiff has admitted that these videos depict conditions in the jail.

Plaintiff's counter Mr. Chambers affidavit with their own postulations. The fact remains that it is not possible to search for video from 2020 except for based on incident number, because only videos tagged in association with an incident number would have been retained. Plaintiff's postulations do not comport with the way that videos are kept in the ordinary course of business. (*See* Affidavit of Executive Director Sean Chambers, Dkt. #68). The Sheriff searched for any incident reports that mentioned Plaintiff's name or booking number in the year 2020. Any video associated with such an incident report has been produced. Plaintiff's suggestion that Plaintiff should be able to obtain every 2020 video retained by the CCDOC, regardless of whether the underlying incident had anything to do with Plaintiff or regardless of whether Plaintiff was present, meets the very definition of "not proportionate to the needs of the case" under Rule 26.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court enter an order as follows:

(1) Denying Plaintiff's Motion to Compel Custodial Searches and Videos

(2) Order Plaintiff to provide with Defendants on a reasonable list of no more than 5 new search terms for custodians Gallegos, Hernandez, Johnson, Hudson, Spurlock, Miller, Beachem, Ford/Reid and Angela Hawkins,

(3) Any other relief this Court deems appropriate.

Respectfully Submitted,

DEVORE RADUNSKY LLC

By: */s/Jason E. DeVore*
Jason E. DeVore
One of the attorneys for Defendants

Jason E. DeVore (#6242782)
Troy S. Radunsky (#6269281)
DeVore Radunsky LLC
230 W. Monroe, # 230
Chicago, IL 60606
(312) 300-4479

## **CERTIFICATE OF SERVICE**

The undersigned non-attorney hereby certifies that the above Defendants' Reply in Support of Motion to Reconsider was filed on November 21, 2022, with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/Zachary Stillman*_____
Zachary Stillman