**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHASE EPPS,

               Plaintiff,

     v.

THOMAS DART, Sheriff of Cook County, in his official and individual capacities, and Executive Director AMANDA GALLEGOS, Superintendent HERNANDEZ, Lieutenant JOHNSON, Shift Commander HUDSON, and Correctional Officer SPERLOCK, in their individual capacities,

               Defendants.

Case No. 22 C 2393

Magistrate Judge Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Reconsider and Stay Discovery for Sheriff Thomas J. Dart in his Individual Capacity [47]. Defendants ask the Court to reconsider its ruling that Defendant Dart, the Cook County Sheriff and whom Plaintiff has sued in his individual capacity, is required to personally sign answers to interrogatories directed to his individual capacity. Defendants also seek to stay all discovery involving Defendant Dart in his individual capacity. For the reasons stated below, Defendants' motion is denied.

## BACKGROUND

Plaintiff Chase Epps has sued Sheriff Dart, among others, in both his official and individual capacities pursuant to 42 U.S.C. § 1983, claiming violations of the Fourteenth Amendment. Specifically, Epps claims that Defendants subjected him to objectively unreasonable conditions of confinement and denied him his basic human needs when he was held as a pretrial detainee in Division 4 at Cook County Jail in 2020. Epps's allegations regarding conditions in Division 4

include stinking water running down the walls of his cell, overflowing sinks and toilets, pervasive

mold, which made it difficult to breathe, undrinkable water from the faucets, and drains and

kitchens infested with insects and rats, which left droppings and insect bodies in the food. Doc. 1,

Compl. ¶ 1. Division 4 at the Cook County Jail was closed in May 2018, and then reopened in

2020 in response to the COVID-19 pandemic. Division 4 was closed again in July 2021.

On the claim against Dart in his individual capacity, Dart asserted qualified immunity as a

defense in Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). While

Defendants' motion to dismiss the Amended Complaint was pending, the district judge stayed

discovery in Dart's individual capacity pending the ruling but allowed discovery to proceed in his

official capacity. *Epps I*, 20 C 5742, Docs. 68, 74.[1] On May 3, 2022, the district judge denied

Defendants' motion to dismiss. *Epps v. Dart*, 2022 WL 1316547 (N.D. Ill. May 5, 2022). The

district judge concluded, in relevant part, that Epps's allegations stated a claim against Dart in his

individual capacity and that Dart was not entitled to qualified immunity for Epps's individual

capacity claim at the pleading stage. *Id*. at *4-5.

On March 24, 2022, shortly before the denial of the motion to dismiss, the district judge

referred the case to the undersigned magistrate judge for discovery supervision. *Epps I*, 20 C 5742,

Doc. 87; *see also* Docs. 24, 25. After the district judge denied the motion to dismiss, Epps filed a

motion to compel seeking, in part, an order requiring Defendant Dart to fully cooperate in the

discovery process, including personally answering the three interrogatories directed to him in his

---

[1]     On December 13, 2021, Epps was released from custody. Subsequently, the district judge granted
Epps's motion to voluntarily dismiss and re-file this case under the current case number because he was no
longer incarcerated and not subject to the Prison Litigation Reform Act. *Epps*, 2022 WL 1316547, at *5-7.
"Epps I" refers to the prior case. All discovery and rulings from the prior case (Case No. 20 C 5742) have
been incorporated into this case as if it is the same case.

individual capacity. Docs. 27, 28.  Epps's individual capacity interrogatories asked Defendant Dart the following:

> 1.      Identify the location of any documents and communications created at any point between November 1, 2019 and November 30, 2020 in your possession, custody, or control regarding conditions in or complaints about Division 4 of the Cook County Jail, including: (i) any computers, phones, tablets, or other devices, whether owned by your employer or by you personally, on which such documents and communications are stored; (ii) any cloud storage or other services you used to store such documents and communications; (iii) any social media accounts you have used to post or otherwise share information regarding conditions in or complaints about Division 4; and (iv) any hard-copy documents or communications regarding conditions in or complaints about Division 4.

> 2.      Describe complaints about the conditions in Division 4 made to you, or of which you became aware, by detainees or other Cook County Jail personnel at any time between April 1, 2020 and November 30, 2020, whether in writing or orally, including the date of the complaint.

> 3.      Describe any action you took to improve conditions in Division 4 at any time between April 1, 2020 and November 30, 2020, including any reports you made to or discussions you had with other Cook County Jail personnel regarding conditions in Cook County Jail. Identify the dates you took each such action, made such a report, or had such a discussion and any other Cook County Jail personnel involved.

Doc. 28-8.  Defendant Dart's in-house counsel, rather than Defendant Dart, signed the answers to these interrogatories. Doc. 28 at 4; Doc. 47-3.

On September 19, 2022, the Court orally granted in part Epps's Motion to Compel, finding that Defendant Dart is required to personally sign the answers to interrogatories directed to him in his individual capacity because "that is required under Rule 33." Docs. 42, 47-2 at 9-10. Defendants now bring a motion for reconsideration of that portion of the Court's order and for a second stay of discovery involving Defendant Dart in his individual capacity.[2]

---

[2]      On September 28, 2022, this Court explicitly clarified that the stay of discovery as to Defendant Dart in his individual capacity was lifted when the district judge denied Defendants' motion to dismiss. Docs. 46, 56-1 at 2-5; *see also Epps I*, Docs. 68, 74, 96.

**DISCUSSION**

The Court addresses Defendants' motion for reconsideration first, followed by their motion

for a stay of all discovery for Defendant Dart in his individual capacity.

**A.      Defendants' Motion for Reconsideration**

Defendants seek reconsideration of only one issue that was addressed in the Court's

September 19, 2022 Order, namely that Defendant Dart is required to personally sign the answers

to interrogatories directed to him in his individual capacity.[3]  Federal Rule of Civil Procedure 54(b)

governs motions to reconsider interlocutory orders.  Rule "54(b) provides that non-final orders

'may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities.'" *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (quoting Fed.

R. Civ. P. 54(b)).  "Motions for reconsideration under Rule 54(b) serve the limited function of

correcting manifest errors of law or fact." *Ace Hardware Intern. Holdings, Inc. v. Masso Expo*

*Corp.*, 2012 WL 182236, at *1 (N.D. Ill. Jan. 23, 2012).  To that end, "[i]t is well established that

a motion to reconsider is only appropriate where a court has misunderstood a party, where the

court has made a decision outside the adversarial issues presented to the court by the parties, where

---

[3]      Defendants do not move for reconsideration of the Court's September 19, 2022 Order that
Defendant Dart should also be included as a custodian for purposes of electronic searches of discovery run
by Defendants because he is sued in his individual capacity. Doc. 47-2 at 9-10.  In the parties' Joint Status
Report [55] filed on October 12, 2022, Defendants claimed that "[a]s to Sheriff Dart, in his *individual*
capacity, Defendants did not interpret the Court's prior ruling as an order to produce emails from the
account 'Thomas Dart[.]'" Doc. 55 at 6.  To clarify, Defendants' interpretation of the Court's prior ruling
is incorrect.  The Court explicitly ruled that "defendant Dart sign the interrogatories and be included as a
custodian." Doc. 44 at 10:21-23.  At the September 28, 2022 status hearing, the Court stated that other than
Defendants' anticipated motion to reconsider regarding Defendant Dart personally signing answers to
interrogatories directed to him in his individual capacity, the remainder of the Court's September 19, 2022
order stood. Doc. 46, 56-1 at 11:7-18.  At another hearing about two weeks later, the Court reiterated its
prior order: "So to be clear, my order was to include Mr. Dart as a custodian, and that was because he is a
[defendant] named in an individual capacity." Doc. 73 at 18:6-8.  Defendants' request to stay all discovery
as to Defendant Dart in his individual capacity (which would include him as a custodian whose electronic
documents are to be searched) is denied, as further discussed below, and thus Defendant Dart shall be
included as a custodian in the searches of records.

the court has made an error of apprehension (not of reasoning), where a significant change in the

law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665

F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlinin*, 724 F.3d 965,

967 n.1 (7th Cir. 2013). A party asserting that the court committed a manifest error of fact or law

bears a heavy burden. *Brownlee v. Catholic Charities of Archdiocese of Chicago*, 2022 WL

602535, at *1 (N.D. Ill. Mar. 1, 2022) (internal quotation marks omitted).

In their motion, Defendants request that the Court reconsider whether Defendant Dart

should have to sign the answers to interrogatories directed to him in his individual capacity. The

Court ruled that Rule 33 required Defendant Dart to sign the answers to interrogatories because he

is sued in his personal capacity. Doc. 47-2 at 9-10. Defendants assert that the Court "did not have

the benefit of complete exhibits, which provide significant context to the issue," when it ruled on

the issue. Doc. 47 at 5. Defendants state that the record before the Court lacked a certification

from an Assistant General Counsel for the Cook County Sheriff reflecting that she signed the

answers to interrogatories as a "delegate for Sheriff Thomas Dart in coordination with the Cook

County Sheriff's Office."[4] *Id*. Defendants claim the omitted attorney certificate "caused

confusion." Doc. 47 at 5.

---

[4] The omitted certification page states: "I, Khara Coleman, Assistant General Counsel for the Cook County Sheriff's Office, under penalties as provided by law pursuant to 28 U.S.C. § 1746, certify that the statements set forth in Defendant Sheriff Thomas Dart's Supplemental Answers to Plaintiff's Interrogatories, are true and correct to the best of my inquiry, knowledge, and belief. The statements provided herein are not based on my personal knowledge, sole or personal recollection, or memory, but rather were gathered by reviewing the records and documents in possession of the Cook County Sheriff's Office and by consulting persons employed in the Cook County Sheriff's Office, in coordination with undersigned counsel of record in this litigation." Doc. 47-3.

First, there was no confusion. Epps's memorandum in support of his motion to compel explained that Dart's "counsel, rather than defendant Dart, sign[ed] the interrogatories." Doc. 28 at 4. It was crystal clear to the Court who signed the interrogatories and in what capacity.

Second, the omitted attorney certification did not lead to a manifest error of law or fact and is not a basis for reconsideration. As the Court previously ruled, Federal Rule of Civil Procedure 33 requires that where, as here, interrogatories are directed to a party who is an individual, that party must answer the interrogatories and sign his or her answers. Under Rule 33, interrogatories must be answered "by the party to whom they are directed" and signed by "[t]he person who makes the answers." Fed. R. Civ. P. 33(b)(1)(A), (b)(5); *see also* Fed. R. Civ. P. 34(b)(2)(A) ("[t]he party to whom the request is directed must respond."). In contrast, Rule 33 permits "any officer or agent" to answer interrogatories directed to a party that is a public or private corporation, a partnership, an association, or a governmental agency, "who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1). Thus, the text of Rule 33 is clear that a corporation or other listed entity may have an officer or agent sign on its behalf, but that option is not available for a party who is an individual.

Here, Sheriff Dart is named as a defendant in his individual capacity and three interrogatories were directed to "Defendant Dart in his individual capacity." *Epps I*, 20 C 5742, Doc. 70-3. As a result, the plain language of Rule 33 requires Defendant Dart—not his attorney—to sign answers to Epps's interrogatories directed to Dart in his individual capacity. *See Hindmon v. Natl.-Ben Franklin Life Ins.*, 677 F.2d 617, 619 (7th Cir. 1982) (interrogatory answers signed by an attorney and not the party who was an individual violated "the clear mandate of Federal Rule of Civil Procedure 33"); *Sapia v. Bd. of Ed. of the City of Chicago*, 318 F.Supp.3d 1049, 1052 (N.D. Ill. 2018) ("plaintiffs' lawyers clearly and unmistakably violated the uncompromising

6

command of Rule 33 since the interrogatories stated 'these [answers] are true and *correct based on my attorney's review of the documents described and identified . . . .*' This was not compliant with Rule 33."); *MomsWin, LLC v. Lutes*, 2003 WL 21077437, at *2 (D. Kan. May 9, 2003) (rejecting argument that an attorney may sign answers to interrogatories on behalf of his client who is an individual even if expressly authorized by the client in a standard attorney-client contract). Defendant Dart's attorney's statement does not "serve[] the critical purpose of ensuring that the responding party attests to the truth of the responses" and "effectively convert[s] the attorney into a witness in the matter." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010).

In a similar case in which a sheriff was sued in his individual and official capacities, another magistrate judge rejected the defendant sheriff's argument that Rule 33 "authorized him to designate his deputy to sign the answers" to interrogatories. *Harte v. Johnson County*, 2015 WL 3514657, at *1 (D. Kan. June 4, 2015). The court explained:

> If Rule 33 were intended to give elected government officials such a right to delegate the duty of signature, its authors could easily written it to include "elected government officials" or "sheriffs." The rules contains no such language. The Sheriff is not a "public or private corporation." He is not a partnership. He is not an association. Unlike his co-defendant Board of County Commissioners, he is not a government agency. He nevertheless is a "party" within the meaning of Rule 33(b)(1)(A).

*Id.*, at *2. As in *Harte*, this Court "does not view Rule 33(b)(1)(B) as creating an exemption or immunity against the personal duty of a natural party to sign his or her interrogatories, as required by Rule 33(b)(1)(A)." *Id*. Therefore, the Court rejects Defendants' argument that Defendant Dart was permitted to designate an Assistant General Counsel for the Cook County Sheriff to sign answers to interrogatories directed to him in his individual capacity on his behalf.

The main cases cited by Defendants on this issue do not support their claim that a public official sued in his individual capacity has no obligation to personally sign his answers to interrogatories. *See Bless v. Cook County Sheriff's Office*, 2017 WL 1344522 (N.D. Ill. April 12, 2017); *Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir .1997). The plaintiffs in those cases sought to orally depose Sheriff Dart and the Superintendent of the Chicago Police Department, rather than to obtain the discovery of information pursuant to Rule 33 interrogatories. To be clear, the Court is not deciding at this point whether it would be appropriate for Epps to take Defendant Dart's deposition. The Court is simply denying Defendants' motion to reconsider the order requiring Defendant Dart in his individual capacity to sign answers to interrogatories.

Moreover, Defendants' cited cases actually demonstrate that sworn answers to interrogatories are an appropriate means of determining whether a high-raking public official sued in his individual capacity has personal knowledge of facts relating to a plaintiff's allegations. In determining whether there was good cause to prohibit the deposition of Defendant Dart in *Bless*, the inquiry focused on the whether there was sufficient "reason to expect the deposition[] to yield relevant evidence unobtainable through other means." *Bless*, 2017 WL 1344522, at *2. In refusing to permit the deposition of defendant Dart, the *Bless* court found that Dart had provided sworn interrogatory responses denying personal knowledge of the issues in the case. *Id*. at *2-3; *see also* Memo. in Supp. of Mot. to Quash, Ex. 3, *Bless v. Cook County Sheriff's Office*, No. 13 C 4271 (N.D. Ill.), ECF No. 218-3. In addition, the *Bless* plaintiff was allowed "to serve additional written interrogatories on Dart in order to follow up on his previous responses or any other matter," but the plaintiff elected not to serve additional interrogatories. *Id*. at *3. The district court noted that "[i]t goes without saying that serving written interrogatories is a fair and accepted means of conducting discovery." *Id*. As such, the district court found that the plaintiff "ha[d] not given a

8

sufficient reason to believe that a deposition of Dart would create or lead to unique, admissible evidence." *Id*. at *4. More importantly, the plaintiff did not explain "why the discovery tools that were available to him (and which he declined to use) were an insufficient means of developing the evidence he sought." *Id*; *see also Olivieri*, 122 F.3d at 410 (holding that deposing the defendant superintendent of the police department was not necessary in order to get an answer under oath as to whether "the superintendent himself participated in publicizing the grounds of the plaintiff's discharge" where "a written interrogatory would do just as well."). Similarly, the interrogatories directed to Dart in his individual capacity are an appropriate means to explore the extent and nature of Dart's personal knowledge of the issues in this case. As such, Defendants' reliance on *Bless* and *Olivieri* is misplaced.

In sum, Defendants have not shown that the Court committed a manifest error of fact or law in ordering Defendant Dart to personally sign answers to interrogatories directed to him in his individual capacity. Accordingly, the motion to reconsider is denied.

**B.     Defendants' Motion to Stay**

Defendants also move for a stay of discovery involving Sheriff Dart in his individual capacity "until such time as there is evidence adduced by any party that [] Sheriff Thomas Dart, in his *individual* capacity, was actively involved in the reopening and operation of Division 4 [i]n 2020." Doc. 47 at 10. Epps objects to a second stay.

In moving to stay discovery involving Defendant Dart in his individual capacity, Defendants seek a protective order under Federal Rule of Civil Procedure 26(c). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see* Fed. R. Civ. P. 26(b)(2), (c), (d). Rule 26(c) provides that a court may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .

forbidding the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(A).  Defendants bear the burden of proving that the stay is appropriate under the circumstances of this case. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1993); *Nucap Indus. Inc. v Robert Bosch LLC*, 2017 WL 6059770, at * 2 (N.D. Ill. Dec. 7, 2017).  Finally, the Court enjoys "broad discretion" in deciding whether a stay of discovery is warranted. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) ("District courts have broad discretion in matters relating to discovery.").

Defendants essentially argue that a stay is justified for four reasons.  First, Defendants seek a stay of discovery because Defendant Dart may have qualified immunity.  Second, Defendants argue that "there is no evidence that Sheriff Thomas Dart, in his individual capacity, controlled, participated in, or supervised the reopening or operation of Division 4." Doc. 47 at 3.  Third, Defendants assert that there is no need for Defendant Dart to participate in discovery in his individual capacity because his in-house counsel provided verified responses to Epps's interrogatories.  Fourth, Defendants contend that requiring Defendant Dart to participate in written discovery would harass and unduly burden him.  None of these reasons demonstrates good cause to warrant a broad stay of all discovery as to Defendant Dart in his individual capacity.

Defendants first claim that it is appropriate to protect Defendant Dart in his individual capacity from "early discovery" in this case because he may have qualified immunity. Doc. 47 at 1-2. The problem with that argument at this juncture, however, is that it ignores the district judge's ruling on the Defendants' motion to dismiss.  As noted above, Defendant Dart in his individual capacity was protected from early discovery during the pendency of the motion to dismiss. Moreover, Epps's individual capacity claim and qualified immunity defense were the subject of

10

the motion to dismiss. *Epps*, 2022 WL 1316547, at \*4. As the district judge noted in ruling on Defendants' motion to dismiss, "[u]nder § 1983, individual liability 'requires personal involvement in the alleged constitutional deprivation.'" *Id*. "A defendant need not have participated directly in the constitutional deprivation to be liable, but the defendant still must have known about the conduct, facilitated it, approved it, condoned it, or turned a blind eye for fear of what they might see." *Id*. (internal quotation marks omitted). After reviewing Dart's knowledge as alleged in the complaint, the district judge held that Epps had stated a claim against Dart in his individual capacity because Epps alleges that Dart had "knowledge of or caused the unreasonable conditions of confinement and failed to take steps to remedy the serious risks to [Epps's] health and safety." *Id*. Defendant Dart also sought dismissal based on the threshold issue of qualified immunity, and the motion to dismiss was denied on this ground as well. *Id*., at \*5.

The stay period from early discovery expired when the district judge determined that Defendant Dart is not entitled to qualified immunity at this stage in the litigation and denied the motion to dismiss. Despite its protective sweep, the assertion of "qualified immunity does not shield public officials from discovery entirely." *Hansen v. Cannon*, 26 F. App'x 555, 558 (7th Cir. 2001); *Crawford-El*, 523 U.S. at 593 n. 14 ("limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity."). Rather, the qualified immunity standard only protects public officials from "broad-reaching discovery." *Crawford-El*, 523 U.S. at 593 n. 14. Where the pleadings are adequate, the Supreme Court has contemplated some discovery even though the issue of qualified immunity may be revisited later. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985) ("Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to

11

create a genuine issue as to whether the defendant in fact committed those acts."). Discovery may thus be necessary before a motion on qualified immunity grounds can be resolved. In that case, the district court "should give priority to discovery concerning issues that bear upon the qualified immunity defense, such as actions that the official actually took, since that defense should be resolved as early as possible." *Crawford-El*, 523 U.S. at 599-600; *Hansen*, 26 F. App'x at 558 (holding that "if the [plaintiffs'] allegations stated a claim that the defendants violated a clearly established law, and the parties disagreed as to what actions the law enforcement officers took, discovery may be appropriate for the limited purposes of addressing the issue of qualified immunity.").

Here, the district judge denied Defendants' motion to dismiss. In seeking dismissal based on qualified immunity, Defendants argued only that Epps had not sufficiently alleged a violation of his constitutional rights. *Epps*, 2022 WL 1316547, at \*5. The district judge held that assuming the truth of Epps's allegations and because Defendants' arguments about Dart's personal involvement would likely turn on facts beyond the pleadings, Epps has stated a plausible claim that Defendant Dart was personally involved in the challenged actions in this case and Defendant Dart was not entitled to qualified immunity at the motion-to-dismiss stage. *Id*. at \*4-5. Dart may raise his qualified immunity defense at a later stage based on a more complete record, but there is currently no pending motion asserting a qualified immunity defense. Moreover, Defendants do not argue that any of the written discovery Epps seeks from Dart individually is unnecessary to ultimately resolve the qualified immunity issue. Under these circumstances, the Court finds that Defendants have not demonstrated good cause for a second discovery stay as to Dart in his individual capacity.

12

Second, the Court rejects Defendants' contention that absent Epps's presentation of some evidence showing that Defendant Dart was involved in the reopening and operation of Division 4 in 2020, all discovery against Sheriff Dart in his individual capacity should be stayed. Again, Epps's individual capacity claim based on unconstitutional living conditions survived Defendants' motion dismiss for failure to state a claim and based on qualified immunity, and Dart has not met his burden of establishing good cause for the protective order he seeks. As a result, Rule 26 permits Epps to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26 does not require Epps to make some sort of threshold evidentiary showing in order to conduct written discovery necessary to determine whether Defendant Dart has knowledge of relevant information.[5] The purpose of discovery is to obtain information relevant to the claims and defenses in this litigation, and Defendant Dart does not contend that his answers and responses to written discovery would be irrelevant. Accordingly, Defendant Dart has not shown why some focused written discovery is not necessary at this stage of the litigation to resolve his qualified immunity defense to Epps's individual capacity claim. *Crawford-El*, 523 U.S. at 598 (if a plaintiff's action

---

[5]     Epps argues that he has in fact provided evidence that Defendant Dart personally made the decision to reopen Division 4 during the COVID-19 pandemic to spread out detainee housing and prevent the spread of the virus. Doc. 56 at 2-3. In support, Epps cited to public statements made in 2020 in a news article and video, press releases from the Cook County Sheriff's Office, and a brief filed by Sheriff Dart in his official capacity as Sheriff of Cook County in opposition to a preliminary injunction motion regarding issues related to COVID-19. Defendants deny that the public statements that Epps has attributed to Sheriff Dart relate to actions that were taken by Sheriff Dart individually, as opposed to actions taken by "The Sheriff's Office." Doc. 62 at 2. They also maintain that the general issues discussed in the article do not relate to the issues in this case regarding Division 4. *Id*. at *3. At this stage, Defendants' focus on their interpretation of these public statements is misplaced as variable interpretations of this evidence is not dispositive of whether interrogatories and document requests directed to Sheriff Dart in his individual capacity are appropriate where—as here—an individual capacity claim has survived a motion to dismiss for failure to state a claim and on qualified immunity. Epps is now entitled to explore through written discovery what personal involvement, if any, Defendant Dart had in the alleged unconstitutional conduct.

survives a motion to dismiss on a qualified immunity defense, "the plaintiff will ordinarily be entitled to some discovery.").

Similarly and contrary to Defendants' assertion, Epps is also not required to show at this time that Dart has "unique knowledge" of any fact related to issues in this case to proceed with written discovery directed to Dart in his individual capacity. In evaluating a motion to compel a deposition of a high-level government official, courts apply the "apex doctrine." Under that standard, courts may protect high-level government officials from being deposed, if among other things, "the official has no unique personal knowledge of the matter in dispute." *DeLeon-Reyes v. Guevara*, 2021 WL 3109662, at \*3 (N.D. Ill. July 22, 2021). But the apex doctrine does not apply here. It is premature to decide whether a deposition of Defendant Dart will be warranted. Instead, through written discovery, Epps is properly attempting to elicit information regarding Dart's alleged involvement in, or knowledge of, the acts giving rise to his claim. *Olivieri*, 122 F.3d at 409 (upholding the district judge's refusal to permit the plaintiff to depose the defendant "until the plaintiff submitted written interrogatories the answers to which would indicate whether deposing the defendant would serve a useful purpose."). That is the appropriate sequence of events to resolve the qualified immunity defense in this case.

Third, Defendants assert that in-house counsel's verified responses to the interrogatories directed to Defendant Dart in his individual capacity eliminate the need for Epps to pursue written discovery from Defendant Dart personally and support a stay. Defendants claim in-house counsel's "verified responses are evidence" that Epps can use to "prove his case." Doc. 47 at 3; Doc. 62 at 8. Defendants are incorrect. It is well-settled that gathering information "through interrogatories is an efficient and cost-effective method of discovery and marshaling evidence for trial." *Villareal*, 266 F.R.D. at 211 (internal quotation marks omitted); *Wagner v. Boh Bros. Const.*

14

*Co., LLC*, 2012 WL 3637392, at *4 (E.D. La. Aug. 12, 2012) ("interrogatories serve not only as a discovery device but as a means of producing *admissible evidence*; there is no better example of an admission of party opponent, which is admissible because is it *not* hearsay (Fed. R. Evid. 801(d)(2)), than an answer to an interrogatory.") (internal quotation marks omitted).  Interrogatory answers "may be used to the extent allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 33(c).  A witness's or declarant's personal knowledge is required by the rules of evidence, Fed. R. Evid. 602, and by the summary judgment rule, Fed. R. Civ. P. 56(c)(1)(4).  The certification from in-house counsel for Sheriff Dart states that the answers to Epps's interrogatories directed to Dart in his individual capacity "are not based on my personal knowledge, sole or personal recollection, or memory." Doc. 47-3.  However, in-house counsel's statements that are not based on personal knowledge do not constitute admissible evidence.  "If interrogatory responses are not signed by the party but only by the party's attorney, the responses are unsworn, unverified, and amount only to statements of counsel.  Such interrogatory responses are not admissible evidence at trial." *Jordan v. ENSCO Offshore Co.,* 2016 WL 3049565, at *8 (E.D. La. May 23, 2016); *see also Hunter v. WirelessPCS Chicago LLC*, 2022 WL 864533, at*5 n.5 (N.D. Ill. March 23, 2022) ("Plaintiffs' counsel is not a witness with personal knowledge, her opinion of the record is no substitute for evidence, and the Court therefore does not consider [her] affidavit in considering this motion.").[6]  Accordingly, Defendant's third argument in support of a stay is rejected.

Finally, there is no merit to Defendants' assertion that Epps has sought written discovery from Defendant Dart in his individual capacity to harass and unduly burden him.  The Court notes that Defendants' claim that Defendant Dart will be harassed and unduly burdened by written discovery is unsupported by any evidence or supporting declaration.  Defendants only estimate

---

[6]     Defendants also cite no legal authority for the proposition that answers to interrogatories signed by counsel but not based on personal knowledge would be admissible as evidence.

that the process of Defendant Dart "answering lawyers' questions" would take "hours or days," which alone is insufficient to establish an undue burden. Doc. 47 at 9. *Robinson v. Walgreen Co.*, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021) ("Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery."). Epps has also served only three interrogatories on Dart in his personal capacity—a number that hardly demonstrates an undue burden. In any event, if Defendant Dart has no personal knowledge relevant to Epps's case, then the resulting burden in answering written discovery should be minimal. On the current record, the Court finds that requiring Defendant Dart in his individual capacity to participate in limited written discovery at this time would not impose an undue burden on him.

## CONCLUSION

For the foregoing reasons, Defendants' motion [47] is denied. Defendant Dart has fourteen days from the date of entry of this Memorandum Opinion and Order to provide answers to the interrogatories directed to him in his individual capacity, including verification, and personally signed under oath by Dart. *See* Fed. R. Civ. P. 33(b)(1)(A), (b)(3), (b)(5). Defendant Dart's attorney is also required to sign the discovery responses and any objections. *See* Fed. R. Civ. P. 26(g)(1), 33(b)(5).

**SO ORDERED.**

Dated: November 28, 2022

Sunil R. Harjani
United States Magistrate Judge