IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHASE EPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS DART, Sheriff of Cook County in his official and individual capacities, and Executive Director AMANDA GALLEGOS, Superintendent HERNANDEZ, Lieutenant JOHNSON, Shift Commander HUDSON, and Correctional Officer SPURLOCK, in their individual capacities, | ) ) ) ) ) ) ) ) | Case No. 1:22-cv-02393<br><br>Hon. Judge Mary M. Rowland<br><br>Magistrate Judge Harjani |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's December 2, 2022 Minute Entry (Dkt. No. 86), Plaintiff Chase Epps and Defendants Thomas Dart, Amanda Gallegos, Franco Hernandez, Alta Johnson, Elbert Hudson, and Valerie Spurlock, by and through their undersigned counsel, submit the following Joint Status Report update.

**I.     Discovery Updates**

Plaintiff's discovery efforts of Defendants have focused on four categories of documents. In summary, last week Defendants began the process of obtaining search term hit counts for the search terms and custodians the Court ordered in its December 16th order. The Court ordered that all responsive documents be produced by January 15th. After Defendants learned of a large number of hits on January 10th, related to this Court's December 16 order, it notified Plaintiff on January 11 that, in their view, the search terms yielded an excessive number of hits. Defendants estimate that the search terms will yield approximately 66,000 hits prior to de-duplication and

threading. The parties held a meet and confer on January 12th, are in the process of obtaining further granularity on the hit counts, and anticipate further negotiating the search terms and date parameters to reach a reasonable production scope over the next month. The parties do not request the Court's assistance with party discovery at this time. Instead, the parties suggest that the Court continue the status hearing until early to mid-February 2023, when the parties should have come to ground on search terms and a date certain for completing Defendants' document production.

Although Defendants have yet to produce custodial documents in response to the Court's December 16th Order, it is Defendants' position that they have made substantial efforts to show compliance with this Court's orders. Defendant Sheriff has recently produced an additional 178 videos, pursuant to this Court's order to produce videos. Defendant Sheriff also produced 245 emails and their attachments comprising 10,242 pages, gleaned from custodial searches not included in the Court's December 16th order, and 46 additional sets of pest control records for 2021 and 2022 and 10 work order logs (Bates 5321-5461).

Plaintiff requests the Court's assistance with non-party discovery from the Department of Facilities Management. Facilities Management represents that it possesses no documents concerning preparations made to close and re-open Division 4, but refuses to disclose, much less discuss, its search terms and custodians. Plaintiff believes Facilities Management should, at a minimum, disclose its search terms and custodians, and seeks the Court's guidance on this issue. Defendants would prefer to avoid further motion practice with Facilities Management if possible.

A more detailed summary of the procedural history and current discovery status is set forth below.

    A.    **Party Discovery**

    1.    **Defendant Dart**

On September 19, 2022, the Court granted in part Plaintiff's First Motion to Compel and ordered Defendant Sheriff Tom Dart to participate in discovery in his individual capacity, including personally signing interrogatory responses and producing documents from his custodial files. (9/19/22 Hearing Tr. 10:5–23, Dkt. No. 44.) On October 7, 2022, Defendant Dart moved (1) for reconsideration on the issue of whether Sherriff Dart must sign his interrogatory responses and (2) to stay all discovery as to Defendant Dart in his individual capacity. (Dkt. No. 47.) On November 28, 2022, the Court denied Defendant Dart's motion in its entirety and ordered Defendant Dart to serve signed copies of his interrogatory responses on or before December 12, 2022. (11/28/22 Order at 16, Dkt. No. 83.) On December 16, 2022, Defendant Dart provided his individual capacity supplemental answers.

The Court's November 28, 2022 Order also restated its prior ruling that Defendant Dart must be included in any custodial discovery searches. (*Id.* at 4 n.3.) Prior to the Court's November 28, 2022 ruling, Plaintiff filed a motion, which included Defendant Dart as a custodian in Plaintiff's proposed custodial search protocols. (Dkt. No. 72.) The Court granted Plaintiff's motion, ordering searches to include Defendant Dart, as well as sixteen other custodians using the search terms and date parameters Plaintiff provided. (*See* 12/16/22 Order at 2, 7 & n.9, Dkt. No. 89.) The Court established January 15, 2023 as the deadline for production. (*See id.* at 11, Dkt. No. 89.) To date, Defendants have not produced documents from Defendant Dart's custodial files. The parties are in the process of negotiating the scope of the custodial searches, as described in Part I.A.3, below.

On December 1, 2022, Defendants searched for the terms "Chase Epps" "Epps, Chase" or "20191223018" or "2019-1223018" in Defendant Dart's email account and informed Plaintiff that the search produced no hits.

### 2. Division 4 Opening and Closing Documents

On September 19, 2022, the Court ordered Defendants to search for relevant memoranda and white papers regarding the closing and re-opening of Division 4, during the period 2018 to 2021. (9/19/22 Tr. 12:19–22, 13:1–3.) During the October 17 status hearing, Defendants reported that "[t]here are none. Any discussion regarding the opening and closing would be in e-mails." (10/17/22 Tr. 4:15–17, Dkt. No. 73.) In response, the Court ordered Plaintiff to include custodial search parameters for opening and closing documents in its custodial search motion. (*Id.* at 25:3–10.) Plaintiff's Motion for Custodial Searches was filed November 4, 2022. (Dkt. No. 71.) It included specific custodial search parameters, including a date range, custodians, and search terms, regarding documents addressing the closing and re-opening of Division 4. (Dkt. No. 72.)

The Court ordered that Defendants use Plaintiff's proposed time period, custodians, and search terms related to the closing and re-opening of Division 4 in its December 16 Order. (12/16/22 Order at 8 (citing Dkt. 72 at 8–11), Dkt. No. 89.) The Court instructed Defendants to conduct the ESI searches and produce any documents by January 15, 2023. (12/16/22 Order at 11, Dkt. No. 89.) Defendants have not produced any documents. The parties are negotiating the scope of the custodial searches, as described in Part I.A.3, below.

### 3. Custodial Discovery

On September 19, 2022, the Court ordered (1) the parties to negotiate a set of agreed search terms addressing all other custodial discovery and (2) Defendants to produce responsive documents by October 7, 2022. (9/19/22 Tr. 15:2–8, 20:8-10.) The day after the hearing, Plaintiff

sent Defendants a search term proposal and request to meet and confer. (9/20/22 Letter from K. Walling, Dkt. No. 72-2.) Defendants did not make a counterproposal and instead ran searches based on umbrella terms selected without Plaintiff's input. (10/7/22 Email from J. DeVore, Dkt. No. 72-3.) Defendants did not produce documents on October 7.

To resolve the custodial searches issue, during the October 17 status hearing, the Court ordered Plaintiff to file a motion setting forth specific custodial search parameters, including date ranges, custodians, and search terms. (10/17/22 Tr. 21:11–22:13.) Plaintiff filed his Motion for Custodial Searches on November 4, 2022. (Dkt. Nos. 71, 72.)

On October 31, 2022, Plaintiffs advised that it wanted Defendants to, and Defendants agreed to, produce a set of 526 emails related to "hits" provided by Defendants to Plaintiff on October 21. Defendants identified these documents after running searches for Plaintiff's name across the emails of the following six individuals: (1) Don Beachem; (2) Franco Hernandez; (3) Alta Johnson; (4) Angela Hawkins; (5) Cierra Reid; and (6) Amanda Gallegos. Defendants represented to the Court that they would produce these documents by December 15, 2022. (*See* 12/1/22 Joint Status Report at 4, Dkt. No. 85.) On January 12 Plaintiff agreed to receive these results as part of a broader custodial search response to be produced pursuant to agreement. On January 14, 2023, Defendants produced these documents.

On December 16, 2022, the Court ordered Defendants to search for responsive documents using Plaintiff's proposed time frame, custodians, and search terms related to conditions in Division 4. (12/16/22 Order at 7 (citing Dkt. No 72), Dkt. No. 89.) The Court ordered production of the results by January 15, 2023. (12/16/22 Order at 11, Dkt. No. 89.)

After learning of a large volume of search "hits" on January 10, 2023, on January 11, Defendants advised Plaintiffs that they expected application of the search protocols to

result in a voluminous number of hits (estimated by Defendants as approximately 39,000). The hit counts may not reflect the final numbers and counts were not provided for each search term or each custodian, nor did it include hits in unindexed documents. On January 12, 2023, the parties met and conferred to discuss the volume of hits. Defendants represented that it would take two weeks to obtain hit counts by custodian and by search term and including both indexed and unindexed documents. Defendants agreed to provide that information for one of the searches by January 19, 2023, and for the remaining searches on a rolling basis, to be concluded by January 26, 2023. The parties agreed to meet and confer to refine the searches as the detailed hit counts become available, and have scheduled their next meet and confer for January 24, 2023. The parties have further agreed that Defendants will employ threading and de-duplication tools to refine the hits.

On November 30, 2022, Defendants served a declaration from Deputy Director Penaranda, which identified Penaranda as the former Environmental Safety Coordinator with knowledge of pest control records and responsibility for "insuring that all divisions and tiers are clean and sanitary" in 2020. On December 22, 2022, Plaintiff requested and Defendants agreed that Deputy Director Penaranda would be added as a custodian for the date range of March 1, 2020, to November 30, 2020, using the search query string identified in the order:

("Division 4" OR "DIV 4" OR DIV4* OR D4* OR "Division IV" OR "DIV IV" OR "D IV") AND (clean*4 OR unclean OR maintain* OR housekeep* OR inspect* OR conditions OR unsafe OR sanit* OR unsanitary OR habitab* OR unhabit* OR uninhabit* OR dehydrat* OR potabl* OR cooler OR water OR drink* OR undrink* OR sewage OR feces OR fecal OR urine OR plumb* OR pipe* OR leak* OR mold OR mildew OR fungus OR insect OR roach OR cockroach OR flea OR bedbug OR rodent OR mice OR mouse OR rats OR infest*).

Defendants estimate that this search, run across the other 10 custodians, will result in approximately 11,000 hits prior to deduplication and threading.

**4.     Video Discovery**

On September 19, 2022, the Court granted in part and denied in part Plaintiff's First Motion to Compel and ordered Defendants to produce videos from the six dates corresponding to Mr. Epps's Division 4 grievances: (1) June 18, 2020; (2) August 14, 2020; (3) August 18, 2020; (4) August 27, 2020; (5) October 5, 2020; and (6) October 6, 2020. (9/19/22 Tr. 17:15-18:4; 9/20/22 Letter from K. Walling, Dkt. No. 72-2.) During the October 17 hearing, Defense counsel represented that videos associated with the six dates for Plaintiff's grievances "no longer exist." (10/17/22 Tr. 6:7-13, 11:15-12:1.) In response, the Court ordered Defendants to file an affidavit explaining their search process and affirming no videos existed on any of the six grievance dates. (*Id.* at 13:11-17, 16:13-24.) On October 28, 2022, Defendants filed the Affidavit of Sean Chambers, Executive Director of Case Review within the Office of the Cook County Sheriff's Bureau of Information & Technology. (*See generally* Chambers Aff., Dkt. No. 68.) On October 31, 2022, Defendants produced four videos corresponding to two incident reports referencing Mr. Epps.

On November 4, 2022, Plaintiff moved to enforce the Court's original September 19 Order regarding the production of video evidence, asking the Court to order Defendants to produce video associated with the six dates of Mr. Epps's grievances. (Dkt. Nos. 71, 72.) On December 16, 2022, the Court granted that request. (12/16/22 Order at 10-11, Dkt. No. 89.) The Court ordered production of the remaining videos by January 15, 2023. (*Id.*) On January 13, 2023, Defendant Sheriff produced 178 videos in compliance with this Court's December 16, 2022 Order.

2. **Additional Document Discovery**

On November 10, 2022, the Court ordered Defendants to produce by November 30, 2022: (1) Division 4 work orders from March 1 through November 30, 2020; (2) the June 2020 and the first of the November 2020 bimonthly inspection reports for Division 4, the June daily pest notification for Tier Q2, and pest control records regarding the Cook County Jail kitchens; (3) all

power washing records; and (4) an affidavit affirming production of all pest control and power washing records in their possession, custody, or control. (11/10/22 Order at 2–3, Dkt. No. 75.)

On November 30, 2022, Defendants (1) did not produce any work orders; (2) did not produce the first of the June 2020 and the first of the November 2020 bimonthly inspection reports for Division 4, the June daily pest notification for Tier Q2, or pest control records regarding the Cook County Jail kitchens, nor did they represent that these records do not exist or that they had searched for pest control records regarding the Cook County Jail kitchens (Dkt. 85-1, Pest Control Declaration at ¶ 9 (declarant unaware of "records of pest control visits of [sic] treatment for Division 4")); and (3) represented that power washing was not conducted in Division 4 after mid-March 2020. (Dkt. 85-2, Power Washing Declaration at ¶ 9.) Plaintiff identified the work order and pest control record deficiencies in the December 1, 2022 joint status report and by letter on December 22, 2022 and requested correction of the deficiencies by January 15, 2023.

a. <u>Work Orders</u>

On January 11, 2023, Defendants produced available work order records as "Logbook Quick List[s]" of work orders, but not the work orders themselves. (CCSAO Epps 5086-5320.)

During a January 12, 2023 meet and confer, Defendants represented that they are not in possession, custody, or control of the work orders themselves, but agreed to request the March 2020 work orders from the Department of Facilities Management and to provide an affidavit representing that Defendants are not in possession, custody, or control of the work orders. Defendants produced the March 2020 "Reactive" work orders on January 13, 2023, and represented that they expect to provide the affidavit by January 21, 2023. (CCSAO Epps 5462-5471).

b. Pest Control Records

Defendant Dart has produced all available bimonthly inspection reports, also called service inspection reports, for Division 4 for 2020–2022. (CCSAO Epps 005023-005084; 5321-5461). Defendants represent that there are no bimonthly inspection reports for the first of the June 2020 and the first of the November 2020 bimonthly inspection reports.

Defendant Dart has now produced the June daily pest notification for Tier Q2 (produced at CCSAO Epps 5085-5320).

Quarterly Pest Control Summaries include the entire Cook County Department of Corrections, including the kitchens. (CCSAO Epps 2523-2526; 5023-5040; 5068-5087.) Defendants have represented that the quarterly pest control summaries were the only pest control records kept regarding the Cook County Jail kitchens. Sheriff Dart has produced quarterly pest control summaries for 2020-2022.

Defendants represent that all 2020 Division 4 pest control records in the possession, custody and control of Defendants have been produced (CCSAO Epps 2494-2531, 5023-5040, and 5068-5084).

B. **Third-Party Discovery**

1. **Department of Facilities Management**

On October 10, 2022, Plaintiff moved to compel discovery from the Department of Facilities Management. (*See* Dkt. No. 50.) The Court ordered Facilities Management to produce work orders from April 1, 2020 through December 31, 2020. (*See* 11/4/22 Order at 3, Dkt. No. 70.) Facilities Management has produced the work orders.

The Court also ordered that Facilities Management run additional searches for documents concerning preparations made to close and re-open Division 4, and execute an affidavit affirming that after those additional searches, Facilities Management is not in possession, custody, or control

of any documents concerning preparations made to close and re-open Division 4. (*See* 11/4/22 Order at 4, Dkt. No. 70.) Facilities Management filed an affidavit making that representation, without explaining its searches. (*See* Jacobs-El Aff. ¶ 7, Dkt. No. 76)

Plaintiff's counsel met and conferred with the Facilities Management on December 12, 2020 to discuss the scope of its searches. Facilities Management's counsel suggested that it may have used terms like "Division 4," "closing," "opening," and "reopening" in search strings, but would not confirm its search terms, explain the terms and connectors used, or disclose its custodians. Counsel also suggested that due to the nature of Facilities Management's role, its documents would not use terms like "opening" or "closing." By letter on December 30, Facilities Management reaffirmed its refusal to identify its search terms or custodians.

As this Court has already pointed out, "[i]t could be that the scope of the search by DFM is too narrow." (11/4/22 Order at 4, Dkt. No. 70.) Because Facilities Management's searches have yielded zero documents, Plaintiff believes Facilities Management should, at a minimum, describe its searches, and requests the Court's guidance to resolve this dispute. *See, e.g.*, *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010) ("[Subpoena recipient] should have been up-front with . . . counsel regarding its proposed custodians and search terms and then receptive to . . . counsel's input."). Plaintiff would prefer to avoid further motion practice with Facilities Management if possible.

### 2. Department of Budget and Management Services

Plaintiff issued a subpoena to the Department of Budget and Management Services. The parties and Budget Management conferred by Zoom meeting and by mail, and Budget Management made a production on December 30, 2022. Plaintiff's counsel has requested additional information to enable Plaintiff to understand Budget Management's production regarding expenditures on the Cook County Jail.

**II.    Pending Motions**

There are no pending motions before the Court. If helpful to the Court, Plaintiff will brief the Facilities Management dispute described in Part I.B.1 above.

**III.    Settlement Discussions**

The parties recently became involved in active settlement negotiations. In April 2022, Plaintiff rejected Defendants' initial Rule 68 Offer of Judgment and made a demand. Defendants did not respond to Plaintiff's demand. On May 3, 2022, Judge Rowland granted Plaintiff's motion to voluntarily dismiss and refile this case and denied Defendants' motion to dismiss Defendants Dart and Gallegos. After Plaintiff refiled, Defendants made a second Rule 68 Offer of Judgment. Plaintiff rejected that offer and, at Defendants' request, resent his original demand. Defendants sent Plaintiff a revised settlement offer on January 13, 2023, which Plaintiff is considering. Plaintiff expects to respond to that settlement offer this week.

Defendants believe it would be productive for the parties to participate in a settlement conference, prior to participating in further, costly written and oral discovery. Plaintiff is amenable to participating in a settlement conference, but believes discovery should proceed in accordance with the Court's prior orders. The completion of written discovery has already been delayed by over two months, further unnecessary delay should be avoided, and Defendants have yet to comply with the Court's orders.

**IV.    Case Schedule**

During the September 19, 2022 hearing, the Court recognized the need to extend certain scheduling deadlines, but declined to do so until the parties had some additional clarity on the scope and anticipated completion of discovery. (9/19/22 Tr. 8:6–15, 19:20–20:4.) During the October 17 status hearing, the Court stayed the deadline for written discovery, but did not alter the other case deadlines. (10/17/22 Tr. 25:22–26:1.) Considering the Court's recent rulings which

have provided significant clarity on the scope of discovery, and to give Defendants time to comply with the Court's rulings, the Parties agree a short extension of the full schedule is appropriate. The parties believe that it would be beneficial to reschedule the January 19, 2023 status hearing to a time during early to mid-February 2023, when the parties should have come to ground on search terms and a date certain for completing Defendants' document production.

Dated: January 16, 2023

*/s/ David J. Zott*
James F. Hurst, P.C. (*lead trial attorney*)
David J. Zott, P.C.
Kate Walling
Sarah Kimmer
Christopher T. Stackhouse
Alison E. Yardley
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
United States
james.hurst@kirkland.com
dzott@kirkland.com
kate.walling@kirkland.com
sarah.kimmer@kirkland.com
chris.stackhouse@kirkland.com
alison.yardley@kirkland.com

*Attorneys for Plaintiff Chase Epps*

Respectfully submitted,

*/s/ Jason E. DeVore*
Jason E. DeVore
Troy S. Radunsky
DEVORE RADUNSKY LLC
230 W. Monroe St., Ste. 230
Chicago, IL 60606
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send such filing to all attorneys of record.

                                                     */s/ David J. Zott*
                                                  David J. Zott P.C.